(No. 38331.—

THE PEOPLE *ex rel.* Lake County Bar Association *et al.,* Petitioners *vs.* CIRCUIT COURT OF LAKE COUNTY *et al.,* Respondents.

*Opinion filed June 18, 1964.—Rehearing denied September 25, 1964.*

GERALD C. SNYDER, of Waukegan, for petitioners.

GLENN K. SEIDENFELD, Chief Judge, of Lake County, and PAUL E. HAMER, of Northbrook, for respondents.

Mr. JUSTICE UNDERWOOD delivered the opinion of the court:

In 1960, subsequent to an unsuccessful referendum on the question of issuing general obligation bonds to finance the construction of a new courthouse in Lake County, the board of supervisors formed the Lake County Public Building Commission for the purpose of constructing a new county courthouse, thereafter transferring the present courthouse land to the commission for use as a building site. Subsequent cash grants were made to the commission, and a lease was entered into between the county and the commission for rental of the courthouse space. The details of these transactions appear in our original opinion, *Bowman* v. *County of Lake*, 29 Ill.2d 268.

On January 7, 1963, a complaint was filed in the circuit court of Lake County by Robert Bowman, on behalf of himself and all other taxpayers of Lake County, seeking a declaratory judgment that the creation of the Lake County Building Commission was void, the enabling act unconstitutional, the transfers of funds and property to the commission improper, and the tax levies illegal, and praying injunctive relief restraining the county from accumulating or transferring funds to the commission and from levying taxes claimed by plaintiff to be excessive. A motion to strike this and an amended complaint was granted, leave to further amend denied, and judgment of dismissal entered. An appeal to this court followed, and we affirmed the trial court's action. *Bowman* v. *County of Lake*, 29 Ill.2d 268.

On November 26, 1963, a rehearing was denied by this court, and on this same date a new complaint was filed in the Lake County Circuit Court by Bowman, representing himself and all other taxpayers, against the county, the board of supervisors and the commission. Confronted with

this situation, the Lake County Bar Association, its president, Frank M. Daly, the Lake County Public Building Commission, the County of Lake and the board of supervisors thereof, filed in this court a petition for leave to file an original action of prohibition. The petition recited that the legal issues sought to be presented in the second action were identical in principle with those that had already been presented and decided by the trial court and by this court in the first case. It recited also the added inconvenience and expense that would be inflicted upon the taxpayers of the county by repeated litigation of legal contentions already decided, and it prayed for the issuance of a writ of prohibition to prevent the circuit court from exercising jurisdiction to nullify the previous decision of this court.

Leave to file the petition was granted, and the respondents, including the chief judge of the Lake County Circuit Court and Robert Bowman, have answered. We have examined the petition and the answer, and we find that no issue is raised in the second action that has not been raised and decided in the first. The only new matters in the present complaint are the allegations as to transfers of funds by the county to the commission subsequent to those alleged in the first writ and these are no different in principle from the earlier transfers and are governed by our earlier opinion. While we indicated in the first decision that no lease had been entered into between the two bodies, and no tax levied for the payment of rent, and the new complaint alleges the making of a lease, it fails to point out in what respects the lease or the levy of the annual tax to pay the rent fails to conform to the provisions of section 14(h), (i) and (j) of the Public Building Commission Act relating to leases or section 18 providing for the levy of a tax for the payment of rental. The constitutionality of those sections was previously determined. *People ex rel. Adamowski* v. *Public Building Commission of Chicago,* 11 Ill.2d 125; *Bowman* v. *County of Lake,* 29 Ill.2d 268.

Our earlier decision clearly pointed out that the remedy as to the asserted claim of continued over-appropriations and tax levies was by filing objections to the validity of the tax levies in question, and that excessive levies, if they existed, would not impair the validity of the revenue bonds proposed to be issued.

While we are thus of the opinion that the issues sought to be raised in the pending action have been litigated and disposed of by our former decision, and that nothing has been asserted in the pending action that could affect the validity of the proposed revenue bonds, there is sufficient doubt as to the propriety of the proposed remedy by way of original writ of prohibition to cause us to conclude that the writ of prohibition should not issue. The principal respondents are the judges of the circuit court, and it is not suggested that they propose to do anything other than to adhere to the former decision of this court. The situation thus closely resembles that presented in *People ex rel. Modern Woodmen of America* v. *Circuit Court of Washington County,* 347 Ill. 34. There, as here, this court had already fully adjudicated in one case the issues sought to be presented in a second action filed in the circuit court. An original writ of prohibition was sought from this court, but the petition for the writ was denied, because there was no indication that the trial court intended to take action in disregard of the decision of this court. It was not until the circuit court had issued an injunction, contrary to the decision of this court, that a subsequent application for a writ of prohibition was allowed. (347 Ill. at 47, 48.)

We are of the opinion, therefore, that it is inappropriate to issue a writ of prohibition directed to the judges of the circuit court, who have indicated no disposition to exceed their jurisdiction, or to flout the rulings of this court.

While we have thus concluded that the writ of prohibition should not issue, it does not follow that petitioners are without adequate remedy. The jurisdiction of a court of

equity to restrain the maintenance of vexatious or harassing litigation is well established, (28 Am. Jur., Injunctions, sec. 210; 43 C.J.S., Injunctions, sec. 40 h.) and we have concluded that that is the appropriate remedy in the present case. In view of the serious financial injury and inconvenience to the public that could result from successive lawsuits, apparently designed to prevent the issuance and sale of the proposed revenue bonds, we have considered the advisability of issuing the injunction of this court to restrain the prosecution of the pending case and the institution of further litigation. We have concluded, however, that the matter may move appropriately be dealt with in the circuit court, either by a counterclaim for injunction in the pending case or by an independent action for injunction. Should the imposition of such retraints result in a further appeal, the provisions of Rules 41 and 28—1 relating to expediting cases on review are available and the public interest may be safeguarded by requiring adequate security for the issuance of a *supersedeas* pending determination of the appealed issues.

*Writ·denied.*