THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. THOMAS V. RYBURN, Defendant-Appellant.

Fourth District   No. 4—04—0836

Opinion filed November 4, 2005.—Rehearing denied February 10, 2006.

COOK, P.J., dissenting.

Charles M. Schiedel and Allen H. Andrews, both of State Appellate Defender's Office, of Springfield, for appellant.

William A. Yoder, State's Attorney, of Bloomington (Norbert J. Goetten, Robert J. Biderman, and James C. Majors, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE STEIGMANN delivered the opinion of the court:

In July 2004, defendant, Thomas V. Ryburn, filed a petition under section 2—1401 of the Code of Civil Procedure (735 ILCS 5/2—1401 (West 2002)), seeking to set aside his multiple October 1999 guilty pleas. In August 2004, the trial court *sua sponte* dismissed defendant's petition as frivolous and without merit.

Defendant appeals, arguing that (1) his guilty pleas are void because the trial court's imposition of certain fines violated the guilty-

plea agreement and (2) the court erred by *sua sponte* dismissing his section 2—1401 petition. We disagree and affirm.

## I. BACKGROUND

In October 1998, the State charged defendant with four counts each of aggravated criminal sexual assault, criminal sexual assault, and aggravated criminal sexual abuse (720 ILCS 5/12—14(a)(1), 12—13(a)(1), 12—16(d) (West 1998)). Following a February 1999 stipulated fitness hearing, the trial court found defendant fit to stand trial.

At defendant's October 1999 guilty-plea hearing, defense counsel informed the trial court that defendant had agreed to plead guilty to three counts of aggravated criminal sexual assault (720 ILCS 5/12—14(a)(1) (West 1998)). In exchange, the State agreed (1) to dismiss the remaining nine counts and other unrelated charges against defendant, (2) to recommend an aggregate sentence totaling no more than 60 years, and (3) that the court would not impose a fine on defendant.

The State provided the following factual basis for defendant's guilty pleas. On September 8, 1998, defendant appeared at the victim's residence and asked to use the telephone. The victim, who was acquainted with defendant, allowed him to come inside. After looking through a telephone book for a few minutes, defendant sneaked up behind the victim, held a knife to her throat, and repeatedly sexually assaulted her.

The trial court accepted the State's factual basis. The court also fully admonished defendant, outlined the terms of the plea agreement, and determined that he was knowingly and voluntarily pleading guilty. The court then accepted defendant's guilty pleas.

In November 1999, the trial court sentenced defendant to 20 years in prison on each count of aggravated criminal sexual assault, with those sentences to be served consecutively (730 ILCS 5/5—8—4(a) (West 1998)). The court also ordered that defendant pay the *statutorily mandated* $100 sexual-assault fine (730 ILCS 5/5—9—1.7(b)(1) (West 1998)). That same day, the circuit clerk imposed the *statutorily mandated* $25 fine under the Violent Crime Victims Assistance Act (725 ILCS 240/10 (West 1998)).

In December 1999, defendant filed a motion to withdraw his guilty pleas, alleging that he did not enter them knowingly and voluntarily. Following a February 2000 hearing, the trial court denied the motion.

Defendant appealed, arguing that (1) section 5—8—4(a) of the Unified Code of Corrections (730 ILCS 5/5—8—4(a) (West 1998)), requiring the imposition of consecutive sentences in his case, is unconstitutional under *Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000); (2) the trial court erred by finding

him fit to plead guilty; and (3) the $25 fine imposed under the Victims Assistance Act was improper because the circuit clerk, not the trial court, imposed it.

This court affirmed defendant's convictions and 60-year aggregate sentence, vacated the $25 Victims Assistance Act fine, and remanded for the trial court to impose that fine. *People v. Ryburn*, No. 4—00—0117 (June 22, 2001) (unpublished order under Supreme Court Rule 23). In January 2002, the trial court entered an order imposing a $25 fine under the Victims Assistance Act (725 ILCS 240/10 (West 1998)).

In June 2002, defendant *pro se* filed a petition for relief under the Post-Conviction Hearing Act (725 ILCS 5/122—1 through 122—8 (West 2002)). The petition raised the following constitutional claims: (1) defendant received ineffective assistance of guilty-plea counsel in that counsel (a) failed to raise a speedy-trial claim, (b) failed to call certain alibi witnesses, (c) failed to present evidence to corroborate the purported alibi, (d) failed to obtain police records that allegedly showed that the victim had a motive to fabricate her complaint against defendant, and (e) stipulated that defendant was fit to plead guilty; and (2) he received ineffective assistance of appellate counsel because counsel failed to raise on appeal the aforementioned issues. Later in June 2002, the trial court dismissed the petition as frivolous and patently without merit under section 122—2.1(a)(2) of the Act (725 ILCS 5/122—2.1(a)(2) (West 2002)). Defendant filed a notice of appeal, and the trial court appointed the office of the State Appellate Defender (OSAD) to serve as his counsel. In March 2003, OSAD moved to withdraw as counsel. (This court later granted OSAD's motion to withdraw as counsel on appeal of the trial court's dismissal of defendant's postconviction petition and affirmed that court's judgment. *People v. Ryburn*, No. 4—02—0552 (July 29, 2003) (unpublished order under Supreme Court Rule 23).)

Also in March 2003, defendant filed a "Petition for a New Trial," in which he alleged that he should not have to serve 85% of his 60-year aggregate prison sentence because the sentence was based on "tainted/perjuried [*sic*]" testimony in an unrelated case. Later that month, the trial court dismissed the petition, upon determining that the court lacked jurisdiction to consider it.

In April 2003, defendant filed a motion entitled "Petition to Chief Administrative Judge for Rehearing *En Banc* with Substitution of Judge and Conduct Review of Judges." Later that same month, the trial court dismissed the petition as frivolous, upon finding, *inter alia*, that defendant had been "engaging in a pattern of filing frivolous pleadings without factual or legal merit[,] all with the apparent end of obtaining relief from his convictions and sentences in [McLean County case No. 98—CF—1062]."

In July 2004, defendant filed a section 2—1401 petition (735 ILCS 5/2—1401 (West 2002)), seeking to set aside his October 1999 guilty pleas on the following grounds: (1) he received ineffective assistance of guilty-plea counsel in that counsel (a) "fraudulently concealed [the trial court's] violation of the guilty plea" agreement when the court imposed fines and ordered that defendant pay restitution, (b) violated several rules of professional conduct, (c) did not consult with him about what issues he wanted to raise in his motion to withdraw his guilty pleas, (d) filed a Supreme Court Rule 604(d) (188 Ill. 2d R. 604(d)) certificate that was "suspect," (e) "fraudulently concealed" defendant's medical records, mental-health history, and certain exculpatory evidence, (f) failed to argue that his consecutive sentences were improper, and (g) failed to argue defendant's "legal innocents [*sic*]" in his motion to withdraw his guilty pleas; (2) the trial court violated several supreme court rules by failing to provide him with a free transcript of proceedings; and (3) his consecutive sentences violated *Apprendi*, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348.

In August 2004, the trial court *sua sponte* dismissed defendant's section 2—1401 petition, upon finding that it was frivolous and without merit. This appeal followed.

## II. ANALYSIS

### A. Defendant's Claim That His Guilty Pleas Are Void

■ Defendant first argues that his guilty pleas are void because the trial court's imposition of the statutorily mandated fines totaling $125 violated the plea agreement. Defendant failed to raise this issue in his section 2—1401 petition. However, a void judgment can be challenged at any time, either directly or collaterally. *People v. Mathis*, 357 Ill. App. 3d 45, 51, 827 N.E.2d 932, 938 (2005). We thus address the merits of defendant's argument and, for the following reasons, reject it.

The United States Supreme Court has held that "when the prosecution breaches its promise with respect to an executed plea agreement, the defendant pleads guilty on a false premise, and hence his conviction cannot stand." *Mabry v. Johnson*, 467 U.S. 504, 509, 81 L. Ed. 2d 437, 444, 104 S. Ct. 2543, 2547 (1984); see *People v. Caban*, 318 Ill. App. 3d 1082, 1087, 743 N.E.2d 600, 604 (2001) (citing *Mabry*). Thus, "[a] prosecutor's unfulfilled promise of a reduced sentence, or a misrepresentation by the trial judge as to the sentence to be imposed, invalidates a plea of guilty." *People v. Washington*, 38 Ill. 2d 446, 449-50, 232 N.E.2d 738, 740 (1967).

At the October 1999 guilty-plea hearing, the trial court outlined the terms of defendant's plea agreement. In particular, the court

informed defendant that there would not be "any fine," but further stated that the court could impose certain fees and court costs. The court also explained, in pertinent part, what the potential penalties would be, if not for the plea agreement:

"THE COURT: Each of these [aggravated-criminal-sexual-assault counts] is what's called a [C]lass X felony. Now, the penalty for each [C]lass X felony is as follows: The minimum term is a penitentiary term in the Illinois Department of Corrections [(DOC)] of six years, and the maximum is a 30[-]year DOC sentence. *There's a possible fine of up to $25,000*, and there is a three[-]year mandatory supervised release term in addition to any penitentiary sentence. That's what used to be known as parole.

THE DEFENDANT: Right." (Emphasis added.)

Reviewing the guilty-plea proceedings in their totality, we conclude that the no-fine provision in the plea agreement referred to the potential $25,000 fine under section 5—9—1(a)(1) of the Unified Code of Corrections (730 ILCS 5/5—9—1(a)(1) (West 1998)), not the statutorily mandated fines that totaled a paltry $125. Indeed, by definition, because a fine is statutorily mandated, a trial court does not possess the authority to decline to impose it, even if the parties agreed that it not be imposed. Because we presume trial courts and counsel to understand and follow the law, we will construe their actions in a manner that is consistent with their doing so—such as concluding that here, the trial court and counsel did not intend to disregard a statutorily mandated fine—as long as the record before us provides any basis for our doing so. Here, it does. Accordingly, we reject defendant's argument that his guilty pleas are void based on the trial court's imposition of $125 in fines.

Even accepting defendant's contention that the terms of the plea agreement specifically referred to the statutorily mandated fines, defendant's contention that the trial court's imposition of those fines renders his guilty pleas void is ridiculous. Defendant pleaded guilty in exchange for the State's agreeing (1) to dismiss nine other serious felony counts and other unrelated charges against him, (2) to recommend an aggregate sentence totaling no more than 60 years (30 years less than the maximum potential aggregate sentence), and (3) that the court would not impose any fines, including a potential $25,000 fine for each of the three felony counts. In light of the significant benefits defendant received from that agreement, his claim that the promise not to impose a mere $125 in fines renders his guilty pleas void defies logic and reason. See *Machibroda v. United States*, 368 U.S. 487, 493, 7 L. Ed. 2d 473, 478, 82 S. Ct. 510, 513 (1962) (in which the United States Supreme Court held that "[a] guilty plea, if induced by promises

or threats *which deprive it of the character of a voluntary act*, is void" (emphasis added)); see also *Washington*, 38 Ill. 2d at 450, 232 N.E.2d at 740 (quoting *Machibroda*). Because nothing in the record suggests that the promise not to impose $125 in mandatory fines deprived defendant's guilty pleas "of the character of a voluntary act," we reject defendant's argument that the trial court's imposition of those fines, even if in violation of the plea agreement, rendered his guilty pleas void.

### B. The Trial Court's *Sua Sponte* Dismissal of Defendant's Section 2—1401 Petition

■ Defendant also argues that the trial court erred by *sua sponte* dismissing his section 2—1401 petition. Defendant acknowledges that in *People v. Bramlett*, 347 Ill. App. 3d 468, 472-73, 806 N.E.2d 1251, 1254-55 (2004), this court held that a trial court may *sua sponte* dismiss a section 2—1401 petition if it finds that the petition is frivolous and without merit. Defendant asks this court to reconsider our holding in *Bramlett*. We decline to do so.

In reaching the above holding in *Bramlett*, we relied on *Mason v. Snyder*, 332 Ill. App. 3d 834, 842, 774 N.E.2d 457, 464 (2002), in which this court held that a trial court has the authority to *sua sponte* dismiss a *mandamus* petition, upon finding it frivolous and without merit. In particular, we concluded that the following reasoning set forth in *Mason* also applied to section 2—1401 petitions:

> " '[T]he trial courts, which have the inherent authority to control their courtrooms and their dockets, have the corollary authority to utilize their discretion in dealing with "professional litigants" who inappropriately burden the court system with nonmeritorious litigation, stemming from their unhappiness as DOC inmates.' " *Bramlett*, 347 Ill. App. 3d at 472, 806 N.E.2d at 1254, quoting *Mason*, 332 Ill. App. 3d at 842, 774 N.E.2d at 463-64.

We recognize that some of our sister appellate court districts have reached an opposite conclusion as to the trial court's authority to summarily dismiss a section 2—1401 petition. In *People v. Pearson*, 345 Ill. App. 3d 191, 197, 802 N.E.2d 386, 391 (2003), the Second District held that the trial court commits error requiring reversal when it dismisses a section 2—1401 petition without providing the defendant notice and an opportunity to respond, which are necessary for due process. See also *People v. Anderson*, 352 Ill. App. 3d 934, 942, 817 N.E.2d 1000, 1006-07 (2004) (in which the First District agreed with *Pearson* that it is unfair to a defendant, when faced with the proposed dismissal of his section 2—1401 petition, to be deprived of notice and an opportunity to respond); *People v. Edwards*, 355 Ill. App. 3d 1091, 1099-1100, 825 N.E.2d 329, 336-37 (2005) (in which the

Third District followed *Pearson* and *Anderson* and held that a trial court may not summarily dismiss a section 2—1401 petition).

We decline to follow the decisions of the First, Second, and Third Districts and, instead, reaffirm our holding in *Bramlett*. In so doing, we note that this case provides a perfect example of why trial courts should have the inherent authority to *sua sponte* dismiss section 2—1401 petitions that are frivolous and without merit. As the trial court found in its three-page written order dismissing defendant's section 2—1401 petition, all of defendant's claims were totally lacking in merit. Defendant asserts that he is not a "vexatious or frivolous litigator" because he raised one meritorious claim in the section 2—1401 petition—that is, his claim that his guilty pleas are void. However, as earlier discussed, that claim was neither raised in defendant's section 2—1401 petition nor meritorious.

In addition, defendant's assertion that he is not a vexatious litigant who inappropriately burdens the court system with nonmeritorious litigation is belied by (1) the sheer number of pleadings he has filed since his October 1999 guilty pleas in this case and (2) the trial court's explicit finding in its April 2003 order that defendant had been "engaging in a pattern of filing frivolous pleadings without factual or legal merit[,] all with the apparent end of obtaining relief from his convictions and sentences in [McLean County case No. 98—CF—1062]." Defendant continued his practice of filing frivolous pleadings when he filed his July 2004 section 2—1401 petition now before us. Indeed, this defendant could be the "poster boy" for why trial courts should have the inherent authority to *sua sponte* dismiss section 2—1401 petitions that are frivolous and without merit. Denying trial courts this authority would require them to squander scarce judicial resources. Accordingly, we conclude that the trial court appropriately exercised its authority by *sua sponte* dismissing defendant's petition.

## III. CONCLUSION

For the reasons stated, we affirm the trial court's judgment.

Affirmed.

MYERSCOUGH, J., concurs.

PRESIDING JUSTICE COOK, dissenting:

I respectfully dissent. I agree with the First, Second, and Third Districts that trial courts should not *sua sponte* and summarily dismiss section 2—1401 petitions as frivolous and without merit. It would be wonderful if trial courts could predict, the day cases are filed, whether

they will ultimately be successful, and dismiss those which will not. Our rules of civil procedure, however, have long recognized the impossibility of that task and required that cases go forward even when the trial court has doubts about them. A motion to dismiss may be granted only when the plaintiff has failed to state a cause of action, and leave to amend must be granted unless plaintiff can never state a cause of action. A motion for summary judgment may be granted only when there is no genuine issue of material fact.

We should not make a radical change in our rules of civil procedure simply to deal with the problems of inmate litigation. Unless we limit the change to inmate litigation cases, we create tremendous uncertainty for all future civil cases. Even if we were the legislature, contemplating a special rule for inmate litigation, questions remain. Is all inmate litigation frivolous and without merit? If it is, why do we not simply bar it all? If it is not, how does a trial judge determine merit *sua sponte* before the parties are even allowed to respond? Premature attempts to dismiss meritless cases often result in increased, not reduced, litigation.