THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. SEAN MALLOY, Defendant-Appellant.

Third District   No. 3—05—0512

Opinion filed July 10, 2007.

Kerry J. Bryson, of State Appellate Defender's Office, of Ottawa, for appellant.

James Glasgow, State's Attorney, of Joliet (Lawrence M. Bauer and Terry A. Mertel, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE CARTER delivered the opinion of the court:

Defendant, Sean Malloy, pled guilty to first degree murder and was sentenced to 60 years' imprisonment. More than nine years later, defendant filed a petition for collateral relief. The trial court,

characterizing the petition as both a petition for relief from judgment (735 ILCS 5/2—1401 (West 2004)) and a postconviction petition (725 ILCS 5/122—1 (West 2004)), dismissed the petition on its own motion. Defendant appeals that dismissal and argues: (1) that the trial court may not dismiss a petition for relief from judgment, on its own motion, without first providing defendant with notice and an opportunity to be heard; and in the alternative, (2) that even if the trial court may make such a dismissal, it may not do so on the basis of timeliness. We agree with defendant's second contention and find that the dismissal was erroneous. We also conclude, however, that the error was harmless, and therefore, affirm.

## FACTS

In March of 1996, defendant pled guilty to first degree murder. Pursuant to plea agreement, defendant was sentenced to 60 years' imprisonment. During the course of the plea proceeding, defendant was admonished twice that at the end of his prison term, he would have to serve a three-year period of mandatory supervised release. Defendant indicated that he understood that admonishment. Sentence was imposed and no direct appeal was filed.

In April of 2005, defendant filed the instant petition for collateral relief arguing that his sentence should be reduced because the imposition of a mandatory supervised release term at the end of his sentence would cause him to serve a term of imprisonment in excess of 60 years. It is unclear whether defendant had intended the petition to be a petition for relief from judgment or a postconviction petition. The trial judge characterized the petition as being brought under both forms of collateral relief and found that the petition was untimely as a petition for relief from judgment and that it was frivolous and patently without merit as a postconviction petition. On his own motion, the trial judge dismissed the petition. This appeal followed.

## ANALYSIS

On appeal, defendant only challenges the dismissal of the petition as characterized as a petition for relief from judgment. Defendant does not argue that the petition has any merit. Rather, defendant merely contends that it was improper for the trial court to dismiss the petition on its own motion on the basis of timeliness. The People argue that the petition was properly dismissed, and in the alternative, that any error that occurred was harmless.

■ In the recent case of *People v. Vincent*, our supreme court stated that a trial court's dismissal of a petition for relief from judgment on its own motion may properly be characterized as either a grant of judgment on the pleadings in favor of the State or a dismissal of the

petition with prejudice for failure to state a cause of action. *People v. Vincent*, 226 Ill. 2d 1, 11-12 (2007). Such a dismissal is subject to *de novo* review on appeal. *Vincent*, 226 Ill. 2d at 13. Thus, we will apply a *de novo* standard of review to the dismissal in the present case. See *Vincent*, 226 Ill. 2d at 13.

Turning to the merits of defendant's argument, defendant first asserts that the trial court may not dismiss a petition for relief from judgment, on its own motion, without first providing defendant with notice and an opportunity to be heard. Our supreme court addressed that exact issue in *Vincent* and ruled to the contrary. *Vincent*, 226 Ill. 2d at 13-14. The trial court's authority to take such action comes from the Illinois pleading requirements and from well-settled principles of civil practice and procedure. *Vincent*, 226 Ill. 2d at 13-14. In the past, our supreme court has recognized that the lower courts have the inherent power to protect themselves from harassing and vexatious litigation and abuse of court process through what was called the "summary remedy" of dismissing suit. *Patterson v. Northern Trust Co.*, 286 Ill. 564, 567, 122 N.E. 55, 56 (1919). Our supreme court has noted that the jurisdiction of the lower courts to restrain the maintenance of vexatious or harassing litigation is well established. *People ex rel. Lake County Bar Ass'n v. Circuit Court*, 31 Ill. 2d 170, 173-74, 201 N.E.2d 109, 111 (1964). In reaffirming the trial court's authority to dismiss suit under civil practice principles, our supreme court in *Vincent* pointed out that adequate safeguards exist to protect a litigant from an erroneous dismissal. *Vincent*, 226 Ill. 2d at 13. A litigant may file a motion for rehearing or an appeal or both. *Vincent*, 226 Ill. 2d at 13.

■ Based upon the supreme court's ruling in *Vincent*, the law is now settled in Illinois that the trial court may dismiss a petition for relief from judgment on its own motion without first providing the defendant with notice and an opportunity to be heard. *Vincent*, 226 Ill. 2d at 13-14. That rule is contrary to the previous rulings of this court. See *People v. Coleman*, 358 Ill. App. 3d 1063, 1071, 835 N.E.2d 387, 394 (2005);[1] *People v. Edwards*, 355 Ill. App. 3d 1091, 1100, 825 N.E.2d 329, 337 (2005). Nevertheless, we are bound by supreme court precedent. *Heepke v. Heepke Farms, Inc.*, 271 Ill. App. 3d 935, 938, 649 N.E.2d 958, 961 (1995). We therefore reject defendant's first argument.

---

[1]The petition in *Coleman* was actually dismissed on motion of the State, rather than on the court's own motion. *Coleman*, 358 Ill. App. 3d at 1065, 835 N.E.2d at 389. However, there was no indication in the record that the defendant was ever served with the State's motion and the dismissal was granted in an *ex parte* proceeding. *Coleman*, 358 Ill. App. 3d at 1065, 835 N.E.2d at 389.

The supreme court's ruling in *Vincent*, however, does not end our analysis in this case. Defendant also asserts that even if the trial court may make such a dismissal, it may not do so on the basis of timeliness. The resolution of this issue turns on whether the two-year time period contained in section 2—1401 is a statute of limitation or a jurisdictional prerequisite. If the time period is a statute of limitation, it must be asserted as an affirmative defense by the State and is not a basis upon which the trial court may properly dismiss the petition on its own motion. See *Eschbaugh v. Industrial Comm'n*, 286 Ill. App. 3d 963, 964-65, 677 N.E.2d 438, 440 (1996). If it is a jurisdictional prerequisite, it may not be waived, and the trial court may properly dismiss the petition on its own motion if defendant fails to allege facts to justify the delay, as provided for in the statute. See *Eschbaugh*, 286 Ill. App. 3d at 964-65, 677 N.E.2d at 440.

Our research indicates that the authorities are split on this issue. Some courts have found that the time period is a jurisdictional prerequisite. See *In re Estate of Arcicov*, 94 Ill. App. 2d 122, 127, 236 N.E.2d 365, 368 (1968). Others have allowed dismissal based on timeliness without making a finding one way or another. See *People v. Bramlett*, 347 Ill. App. 3d 468, 473, 806 N.E.2d 1251, 1255 (2004). Our supreme court, however, has referred to the two-year time period as a "limitations period" and has stated that the time requirement may be waived. See *People v. Harvey*, 196 Ill. 2d 444, 447, 753 N.E.2d 293, 295 (2001). Implicit in that statement is the conclusion that the time period is a statute of limitation and not a jurisdictional prerequisite. In stating that the time period may be waived, the supreme court cited *People v. Ross*, 191 Ill. App. 3d 1046, 1053, 548 N.E.2d 527, 532 (1989), a case where the First District Appellate Court specifically found that the section 2—1401 time period is a procedural limitation, not a jurisdictional prerequisite. See *Harvey*, 196 Ill. 2d at 447, 753 N.E.2d at 295; *Ross*, 191 Ill. App. 3d at 1053, 548 N.E.2d at 532.

■ As stated previously, we are bound by the supreme court's rulings. *Heepke*, 271 Ill. App. 3d at 938, 649 N.E.2d at 961. Accordingly, we conclude that the two-year time period is a statute of limitation and not a jurisdictional prerequisite. See *Eschbaugh*, 286 Ill. App. 3d at 964-65, 677 N.E.2d at 440; *Harvey*, 196 Ill. 2d at 447, 753 N.E.2d at 295; *Ross*, 191 Ill. App. 3d at 1053, 548 N.E.2d at 532. As a statute of limitation, the time period must be asserted as an affirmative defense by the State. *Eschbaugh*, 286 Ill. App. 3d at 964-65, 677 N.E.2d at 440. The trial court, therefore, may not dismiss a petition for relief from judgment, on its own motion, on the basis of timeliness. See *Eschbaugh*, 286 Ill. App. 3d at 964-65, 677 N.E.2d at 440; *Harvey*, 196 Ill. 2d at 447, 753 N.E.2d at 295. The trial court may, however, dismiss a

petition for relief from judgment, on its motion, on any other basis. See *Vincent*, 226 Ill. 2d at 13. Thus, the trial court erred by dismissing the instant petition on its own motion on the basis of timeliness. See *Eschbaugh*, 286 Ill. App. 3d at 964-65, 677 N.E.2d at 440; *Harvey*, 196 Ill. 2d at 447, 753 N.E.2d at 295.

The question remains, however, whether that error is reversible error, as contended by defendant, or harmless error, as contended by the State. Prior decisions on this point are of little value since they were decided before the supreme court's ruling in *Vincent*. There seems to be no doubt in this case that defendant's petition has no merit. See 730 ILCS 5/5—8—1(d)(1) (West 2004) (a three-year period of mandatory supervised release shall be imposed for the offense of first degree murder in addition to the term of imprisonment imposed). Defendant does not make an assertion to the contrary. It is also obvious from the facts of the present case that there is no amendment that defendant could make to the petition to cure its lack of merit. Under these circumstances, the erroneous dismissal is harmless error. Our previous case, which rejected harmless error analysis in this context, did so based on the prejudice inherent in failing to provide a nonmovant with notice and the opportunity to respond to a dispositive motion. See *Coleman*, 358 Ill. App. 3d at 1065, 835 N.E.2d at 389. The supreme court specifically rejected that rationale in *Vincent*. See *Vincent*, 226 Ill. 2d at 12-13. Reversal and remand in this case would serve no purpose and would merely delay the ultimate dismissal of defendant's meritless petition. See *People v. Taylor*, 349 Ill. App. 3d 718, 721, 812 N.E.2d 581, 584 (2004).

In summary, the trial court may dismiss a petition for relief from judgment, on its own motion, on any basis except for timeliness. See *Vincent*, 226 Ill. 2d at 12; *Eschbaugh*, 286 Ill. App. 3d at 964-65, 677 N.E.2d at 440; *Harvey*, 196 Ill. 2d at 447, 753 N.E.2d at 295; *Ross*, 191 Ill. App. 3d at 1053, 548 N.E.2d at 532. The two-year time period contained in section 2—1401 is a statute of limitations, not a jurisdictional prerequisite. See *Eschbaugh*, 286 Ill. App. 3d at 964-65, 677 N.E.2d at 440; *Harvey*, 196 Ill. 2d at 447, 753 N.E.2d at 295. As such, it must be asserted as an affirmative defense by the State. See *Eschbaugh*, 286 Ill. App. 3d at 964-65, 677 N.E.2d at 440; *Harvey*, 196 Ill. 2d at 447, 753 N.E.2d at 295. If the trial court dismisses a petition for relief from judgment, on its own motion, on the basis of timeliness, that dismissal is erroneous. See *Eschbaugh*, 286 Ill. App. 3d at 964-65, 677 N.E.2d at 440; *Harvey*, 196 Ill. 2d at 447, 753 N.E.2d at 295. However, if the petition is without merit, and the lack of merit cannot be cured by an amendment to the petition, the error that results from the erroneous dismissal is harmless. Thus, in the present case, the

trial court's dismissal of the instant petition, on its own motion on the basis of timeliness, was erroneous. That error, however, was harmless.

For the foregoing reasons, we affirm the judgment of the circuit court of Will County dismissing defendant's petition for relief from judgment.

Affirmed.

McDADE, J., concurs.

JUSTICE HOLDRIDGE, specially concurring:

I concur because the majority has accurately stated, and relied on, the law as it now stands. I write separately, however, to express my view that the current state of the law yields a bizarre result in this context. A definite filing period, such as the two-year period in question, provides a dispositional basis that is objective and virtually free from any potential abuse of discretion. I find it odd, therefore, that a judge cannot *sua sponte* dispose of a section 2—1401 petition on the purely objective basis of untimeliness, yet the judge is allowed to do so on other bases involving decisions that are more prone to subjectivity. For this reason, I believe the principles articulated in *People v. Ross*, 191 Ill. App. 3d 1046 (1989), and ostensibly adopted by our supreme court in *People v. Harvey*, 196 Ill. 2d 444 (2001), should be reconsidered.