NO. 4-04-0836     Filed 2/7/08

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from |
|       Plaintiff-Appellee, | ) | Circuit Court of |
|       v. | ) | McLean County |
| THOMAS V. RYBURN, | ) | No. 98CF1062 |
|       Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | G. Michael Prall, |
| | ) | Judge Presiding. |

_____

JUSTICE STEIGMANN delivered the opinion of the court:

In July 2004, defendant, Thomas V. Ryburn, filed a petition under section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2002)), seeking to set aside his multiple October 1999 guilty pleas. In August 2004, the trial court sua sponte dismissed defendant's petition as frivolous and without merit. Defendant appealed, arguing, in part, that the trial court's sua sponte dismissal of his section 2-1401 petition was error. Specifically, defendant argued that the trial court did not have the authority to take that action. This court disagreed and affirmed with one judge dissenting. People v. Ryburn, 362 Ill. App. 3d 870, 841 N.E.2d 1013 (2005) (Ryburn III).

On September 26, 2007, the Supreme Court of Illinois denied defendant's petition for leave to appeal but directed this court to vacate our judgment and to reconsider in light of People v. Vincent, 226 Ill. 2d 1, 871 N.E.2d 17 (2007). People v. Ryburn, 225 Ill. 2d 666-67, 873 N.E.2d 932 (2007) (nonprecedential supervisory order on denial of petition for leave to

appeal). In accordance with the supreme court's directions, we vacate our prior judgment and reconsider it in light of <u>Vincent</u> to determine whether a different result is warranted. After doing so, we again affirm.

## I. BACKGROUND

In October 1998, the State charged defendant with four counts each of aggravated criminal sexual assault, criminal sexual assault, and aggravated criminal sexual abuse (720 ILCS 5/12-14(a)(1), 12-13(a)(1), 12-16(d) (West 1998)).

At defendant's October 1999 guilty-plea hearing, defense counsel informed the trial court that defendant had agreed to plead guilty to three counts of aggravated criminal sexual assault (720 ILCS 5/12-14(a)(1) (West 1998)). In exchange, the State agreed (1) to dismiss the remaining nine counts and other unrelated charges against defendant, (2) to recommend an aggregate sentence totaling no more than 60 years, and (3) that the court would not impose a fine on defendant.

The State provided the following factual basis for defendant's guilty pleas. On September 8, 1998, defendant appeared at the victim's residence and asked to use the telephone. The victim, who was acquainted with defendant, allowed him to come inside. After looking through a telephone book for a few minutes, defendant sneaked up behind the victim, held a knife to her throat, and repeatedly sexually assaulted her.

The trial court accepted the State's factual basis. The court also fully admonished defendant, outlined the terms of

the plea agreement, and determined that he was knowingly and voluntarily pleading guilty. The court then accepted defendant's guilty pleas.

In November 1999, the trial court sentenced defendant to 20 years in prison on each count of aggravated criminal sexual assault, with those sentences to be served consecutively (730 ILCS 5/5-8-4(a) (West 1998)). The court also ordered that defendant pay the statutorily mandated $100 sexual-assault fine (730 ILCS 5/5-9-1.7(b)(1) (West 1998)). That same day, the circuit clerk imposed the statutorily mandated $25 fine under the Violent Crime Victims Assistance Act (725 ILCS 240/10 (West 1998)).

In December 1999, defendant filed a motion to withdraw his guilty pleas, alleging that he did not enter them knowingly and voluntarily. Following a February 2000 hearing, the trial court denied the motion.

Defendant appealed, arguing, inter alia, that (1) section 5-8-4(a) of the Unified Code of Corrections (730 ILCS 5/5-8-4(a) (West 1998)), requiring the imposition of consecutive sentences in his case, was unconstitutional under Apprendi v. New Jersey, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000); and (2) the $25 fine imposed under the Violent Crime Victims Assistance Act was improper because the circuit clerk, not the trial court, imposed it.

This court affirmed defendant's convictions and 60-year aggregate sentence, vacated the $25 Violent Crime Victims Assis-

tance Act fine, and remanded for the trial court, not the circuit clerk, to impose that fine. People v. Ryburn, No. 4-00-0117 (June 22, 2001) (unpublished order under Supreme Court Rule 23) (Ryburn I). In January 2002, the trial court entered an order imposing a $25 fine under the Violent Crime Victims Assistance Act (725 ILCS 240/10 (West 1998)).

In June 2002, defendant pro se filed a petition for relief under the Post-Conviction Hearing Act (725 ILCS 5/122-1 through 122-8 (West 2002)). The petition raised the following constitutional claims: (1) defendant received ineffective assistance of guilty-plea counsel in that counsel (a) failed to raise a speedy-trial claim, (b) failed to call certain alibi witnesses, (c) failed to present evidence to corroborate the purported alibi, (d) failed to obtain police records that allegedly showed that the victim had a motive to fabricate her complaint against defendant, and (e) stipulated that defendant was fit to plead guilty; and (2) he received ineffective assistance of appellate counsel because counsel failed to raise on appeal the aforementioned issues. Later in June 2002, the trial court dismissed the petition as frivolous and patently without merit under section 122-2.1(a)(2) of the Post-Conviction Hearing Act (725 ILCS 5/122-2.1(a)(2) (West 2002)). Defendant filed a notice of appeal, and the trial court appointed the office of the State Appellate Defender (OSAD) to serve as his counsel. In March 2003, OSAD moved to withdraw as counsel. (This court later granted OSAD's motion to withdraw as counsel on appeal of the

trial court's dismissal of defendant's postconviction petition and affirmed that court's judgment. People v. Ryburn, No. 4-02-0552 (July 29, 2003) (unpublished order under Supreme Court Rule 23) (Ryburn II).)

Also in March 2003, defendant filed a "Petition for a New Trial," in which he alleged that he should not have to serve 85% of his 60-year aggregate prison sentence because the sentence was based on "tainted/perjuried [sic]" testimony in an unrelated case. Later that month, the trial court dismissed the petition, upon determining that the court lacked jurisdiction to consider it.

In April 2003, defendant filed a motion entitled "Petition to Chief Administrative Judge for Rehearing En Banc with Substitution of Judge and Conduct Review of Judges." Later that same month, the trial court dismissed the petition as frivolous, upon finding, inter alia, that defendant had been "engaging in a pattern of filing frivolous pleadings without factual or legal merit[,] all with the apparent end of obtaining relief from his convictions and sentences in [McLean County case No. 98-CF-1062]."

In July 2004, defendant filed the section 2-1401 petition at issue (735 ILCS 5/2-1401 (West 2002)), seeking to set aside his October 1999 guilty pleas on the following grounds: (1) he received ineffective assistance of guilty-plea counsel in that counsel (a) "fraudulently concealed [the trial court's] violation of the guilty plea" agreement when the court imposed

fines and ordered that defendant pay restitution, (b) violated several rules of professional conduct, (c) did not consult with him about what issues he wanted to raise in his motion to withdraw his guilty pleas, (d) filed a Supreme Court Rule 604(d) (188 Ill. 2d R. 604(d)) certificate that was "suspect," (e) "fraudulently concealed" defendant's medical records, mental-health history, and certain exculpatory evidence, (f) failed to argue that his consecutive sentences were improper, and (g) failed to argue defendant's "legal innocents [sic]" in his motion to withdraw his guilty pleas; (2) the trial court violated several supreme court rules by failing to provide him with a free transcript of proceedings; and (3) his consecutive sentences violated Apprendi, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348.

In August 2004, the trial court sua sponte dismissed defendant's section 2-1401 petition, upon finding that it was frivolous and without merit. Defendant appealed, and as earlier stated, this court affirmed. Ryburn III, 362 Ill. App. 3d 870, 841 N.E.2d 1013.

In that opinion, we rejected defendant's argument that his guilty pleas were void based on the trial court's imposition of $125 in fines, deeming that argument "ridiculous." Ryburn III, 362 Ill. App. 3d at 875, 841 N.E.2d at 1017. Citing People v. Bramlett, 347 Ill. App. 3d 468, 472-73, 806 N.E.2d 1251, 1254-55 (2004), we also concluded that the trial court possessed the authority sua sponte to dismiss defendant's section 2-1401 petition if it finds that the petition is frivolous and without

- 6 -

merit.

This court also noted that defendant's claim on appeal that his guilty pleas were void not only had no merit, but also that he failed to raise it in the section 2-1401 petition that was before us on appeal. Ryburn III, 362 Ill. App. 3d at 877, 841 N.E.2d at 1018.

In response to defendant's contention that he was not a "vexatious or frivolous litigator," this court wrote the following:

"In addition, defendant's assertion that he is not a vexatious litigant who inappropriately burdens the court system with nonmeritorious litigation is belied by (1) the sheer number of pleadings he has filed since his October 1999 guilty pleas in this case and (2) the trial court's explicit finding in its April 2003 order that defendant had been 'engaging in a pattern of filing frivolous pleadings without factual or legal merit[,] all with the apparent end of obtaining relief from his convictions and sentences in [McLean County case No. 98-CF-1062].' Defendant continued his practice of filing frivolous pleadings when he filed his July 2004 section 2-1401 petition now before us. Indeed, this defendant could be the 'poster

- 7 -

boy' for why trial courts should have the inherent authority to <u>sua</u> <u>sponte</u> dismiss section 2-1401 petitions that are frivolous and without merit.  Denying trial courts this authority would require them to squander scarce judicial resources.  Accordingly, we conclude that the trial court appropriately exercised its authority by <u>sua</u> <u>sponte</u> dismissing defendant's petition."  <u>Ryburn III</u>, 362 Ill. App. 3d at 877, 841 N.E.2d at 1018-19.

As earlier stated, the Supreme Court of Illinois denied defendant's petition for leave to appeal in <u>Ryburn III</u> but directed this court to vacate our judgment and to reconsider in light of <u>People v. Vincent</u>, 226 Ill. 2d 1, 871 N.E.2d 17 (2007).  That reconsideration follows.

II. THE SUPREME COURT'S DECISION IN <u>VINCENT</u>

The Third District Appellate Court recently had occasion to analyze the decision of the supreme court in <u>Vincent</u>.  In <u>People v. Malloy</u>, 374 Ill. App. 3d 820, 821-22, 872 N.E.2d 140, 141-42 (2007), the Third District wrote the following:

"In the recent case of <u>People v. Vincent</u>, our supreme court stated that a trial court's dismissal of a petition for relief from judgment on its own motion may properly be characterized as either a grant of judg-

- 8 -

ment on the pleadings in favor of the State or a dismissal of the petition with prejudice for failure to state a cause of action. People v. Vincent, 226 Ill. 2d 1, 11-12[, 871 N.E.2d 17, 25-29] (2007). Such a dismissal is subject to de novo review on appeal. Vincent, 226 Ill. 2d at [14, 871 N.E.2d at 26]. Thus, we will apply a de novo standard of review to the dismissal in the present case. See Vincent, 226 Ill. 2d at [15-19, 871 N.E.2d at 25-29].

Turning to the merits of defendant's argument, defendant first asserts that the trial court may not dismiss a petition for relief from judgment, on its own motion, without first providing defendant with notice and an opportunity to be heard. Our supreme court addressed that exact issue in Vincent and ruled to the contrary. Vincent, 226 Ill. 2d at 13-14[, 871 N.E.2d at 25-27]. The trial court's authority to take such action comes from the Illinois pleading requirements and from well-settled principles of civil practice and procedure. Vincent, 226 Ill. 2d at 13-14[, 871 N.E.2d at 26]. *** Our supreme court has noted that the jurisdiction

- 9 -

of the lower courts to restrain the mainte-

nance of vexatious or harassing litigation is

well established.  People ex rel. Lake County

Bar Ass'n v. Circuit Court[ of Lake County],

31 Ill. 2d 170, 173-174, 201 N.E.2d 109, 111

(1964).  In reaffirming the trial court's

authority to dismiss suit under civil prac-

tice principles, our supreme court in Vincent

pointed out that adequate safeguards exist to

protect a litigant from an erroneous dis-

missal.  Vincent, 226 Ill. 2d at 13[, 871

N.E.2d at 25].  A litigant may file a motion

for rehearing or an appeal or both.  Vincent,

226 Ill. 2d at 13[, 871 N.E.2d at 25-26].

Based upon the supreme court's ruling in

Vincent, the law is now settled in Illinois

that the trial court may dismiss a petition

for relief from judgment on its own motion

without first providing the defendant with

notice and an opportunity to be heard.  Vin-

cent, 226 Ill. 2d at 13-14[, 871 N.E.2d at

25-27]."

We agree with the Third District's analysis and further

adhere to the views we expressed in Ryburn III, except, of

course, to the extent that those views conflict with Vincent.

Specifically, we acknowledge, as our dissenting colleague points

out, that the supreme court disagreed with our statement that trial courts possess the authority to summarily dismiss section 2-1401 petitions that are frivolous and without merit, noting that "summary dismissals" are not recognized under the Code of Civil Procedure. Vincent, 226 Ill. 2d at 11, 871 N.E.2d at 24.

This acknowledgment, however, does not change our ultimate conclusion. Consistent with the standard set forth by the supreme court for reviewing a trial court's sua sponte dismissal of a section 2-1401 petition, we conclude that the judgment of the trial court is correct because the allegations of defendant's petition wholly fail to state a cause of action. As a court of review, we review judgments, not the reasons therefor. See People v. DeBerry, 372 Ill. App. 3d 1056, 1058, 868 N.E.2d 382, 383 (2007) (where this court held that "we will affirm the trial court on any basis supported by the record even if the trial court did not mention its reasons or reasoned incorrectly"). Accordingly, even though (as the supreme court held in Vincent) the reasons underlying the trial court's judgment in this case were flawed, we can--and will--affirm if the record otherwise shows that judgment to be soundly based. That rule clearly applies here.

The primary focus of the dissent appears to be its disagreement with the decision of the supreme court that the trial court should possess the authority to sua sponte dismiss a section 2-1401 petition. Nonetheless, Vincent resolves that issue, and our job on this appeal is to apply supreme court

- 11 -

doctrine as set forth in <u>Vincent</u>.

### III. CONCLUSION

For the reasons stated, we affirm the trial court's judgment.

Affirmed.

MYERSCOUGH, J., concurs.

COOK, J., dissents.

JUSTICE COOK dissenting:

I respectfully dissent and would reverse and remand.

Is there any difference between summary dismissal of a petition as "frivolous or patently without merit" under the Post-Conviction Hearing Act and dismissal for failure to state a cause of action under section 2-615 of the Code of Civil Procedure? In civil cases, will we now routinely see cases summarily dismissed as frivolous and without merit? I suggest that section 2-615 dismissals are much more limited than "summary dismissals," and that the supreme court in Vincent did not simply engage in semantics, allowing "summary dismissals" just under another name.

In Vincent, the supreme court rejected the argument that special rules should be applied in ruling on section 2-1401 petitions in criminal cases. "This court has consistently held that proceedings under section 2-1401 are subject to the usual rules of civil practice." Vincent, 226 Ill. 2d at 8, 871 N.E.2d at 23. In particular, the court rejected the argument that a section 2-1401 petition could be dismissed under the provisions of the Post-Conviction Hearing Act, which allows summary dismissal on the basis that "the petition is frivolous or is patently without merit." 725 ILCS 5/122-2.1(a)(2) (West 2004). "'Summary dismissals' are not recognized under the Code of Civil Procedure in general or section 2-1401 in particular." Vincent, 226 Ill. 2d at 11, 871 N.E.2d at 24. Exceptions should not be created "based solely on the criminal-defendant status of the petitioner [citation] or on arbitrary notions of docket control

- 13 -

[citation]."  Vincent, 226 Ill. 2d at 14, 871 N.E.2d at 26.

Under civil practice rules, a section 2-1401 petition may be challenged by a motion to dismiss for its failure to state a cause of action.  Vincent, 226 Ill. 2d at 8, 871 N.E.2d at 23. Judgment on the pleadings may also be appropriate.  See 735 ILCS 5/2-615(e) (West 2004) ("Any party may seasonably move for judgment on the pleadings").  Judgment on the pleadings is often entered in favor of a plaintiff if the answer admits or fails to adequately deny any essential allegation of the plaintiff's cause of action.  3 R. Michael, Illinois Practice Series §27.2, at 493-94 (1989) (Civil Procedure Before Trial).  "[J]udgment on the pleadings in favor of a defendant who has never filed an answer *** is the 'functional equivalent of dismissing the complaint for failure to state a cause of action.'"  Vincent, 226 Ill. 2d at 10, 871 N.E.2d at 24, quoting Mitchell v. Norman James Construction Co., 291 Ill. App. 3d 927, 932, 684 N.E.2d 872, 877 (1997). "Case law has long recognized that such a judgment, whether it be characterized as a judgment on the pleadings or a dismissal, can be entered by the court notwithstanding the absence of a responsive pleading."  Vincent, 226 Ill. 2d at 10, 871 N.E.2d at 24; cf. Fed. R. Civ. P. 12(c) (28 U.S.C. app. Fed R. Civ. P. 12(c) (2000)) (after the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings).

"A motion for judgment on the pleadings is sometimes used instead of the proper motion in order to attempt to give the determination the finality that a judgment implies."  3 R.

- 14 -

Michael, Illinois Practice Series §27.2, at 495 (1989) (Civil Procedure Before Trial). "The difficulty is that there appear to be cases where the use of the motion for judgment on the pleadings, instead of a motion to strike and dismiss, has resulted in the loss of the plaintiff's right to seek leave to amend after the complaint was held to be defective." 3 R. Michael, Illinois Practice Series §27.2, at 496 (1989) (Civil Procedure Before Trial).

Vincent held that a section 2-1401 petition may be dismissed sua sponte, in both civil and criminal cases, and that adequate procedural safeguards exist to prevent erroneous sua sponte terminations. A section 2-1401 petitioner whose petition has been disposed of by the court sua sponte may file a motion for rehearing and may have the right to amend the petition. Vincent, 226 Ill. 2d at 13, 871 N.E.2d at 25. The decision of the trial court must be reviewed de novo in the appellate court. Vincent, 226 Ill. 2d at 18, 871 N.E.2d at 28.

Motions to dismiss with prejudice under section 2-615 are granted cautiously. In civil cases, a pleading need only assert a legally recognized cause of action and plead facts that bring the particular case within that cause of action. A motion to dismiss is granted on the pleadings, not on the underlying facts. The question presented by a section 2-615 motion is whether the allegations of the complaint, when viewed in a light most favorable to the plaintiff, are sufficient to state a cause of action upon which relief can be granted. Chandler v. Illinois

Central R.R. Co., 207 Ill. 2d 331, 348, 798 N.E.2d 724, 733 (2003) (facts alleged were sufficient to raise a duty).  No complaint is bad in substance which reasonably informs the defendant of the nature of the claim that he or she is called upon to meet.  Chandler, 207 Ill. 2d at 348, 798 N.E.2d at 733.  "[A] motion to dismiss should not be granted unless it clearly appears that no set of facts could ever be proved that would entitle the plaintiff[s] to recover."  Ostendorf v. International Harvester Co., 89 Ill. 2d 273, 280, 433 N.E.2d 253, 256 (1982).

The trial court here entered a three-page written order, finding that defendant's claims were totally lacking in merit.  Ryburn III, 362 Ill. App. 3d at 877, 841 N.E.2d at 1018.  The trial court, however, did not determine that the allegations of the section 2-1401 petition were insufficient, as a matter of law, to state a claim.  Vincent, 226 Ill. 2d at 10, 871 N.E.2d at 24.  Instead, the trial court applied the summary dismissal approach of the Post-Conviction Hearing Act, finding that the petition was "frivolous and without merit."  Ryburn III, 362 Ill. App. 3d at 874, 841 N.E.2d at 1016; 725 ILCS 5/122-2.1(a)(2) (West 2004).  The majority does not attempt to justify the dismissal on the basis that the allegations here could never state a legal basis for the relief requested.  The allegations of ineffective assistance in failing to object to the imposition of fines, failure to consult with defendant, and failure to argue that consecutive sentences were improper at least appear to allege a cause of action, however weak on the merits.  Defendant was unaware that he was entitled to file a motion for rehearing

- 16 -

or a motion to amend his petition.

Whatever we do in this case can be done in any civil case.  It is important that we carefully follow the rules of civil procedure.  We should not allow special rules, developed to address a problem in the criminal law system, to affect the handling of civil cases.