No. 3-07-0548

Filed January 20, 2009

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2009

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 10st Judicial Circuit, Peoria County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 02-CF-1007 |
| RALPH L. BERRIOS, | ) ) ) | Honorable Stuart P. Borden, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE LYTTON delivered the Opinion of the court:

Defendant, Ralph Berrios, plead guilty to two counts of aggravated battery with a firearm (720 ILCS 5/12-3(A)(1) and 5/12-4.2(a)(1) (West 2002)). Four years later, he filed a pro se motion for relief from judgment, alleging that his sentence was void and his constitutional right to due process and fundamental fairness was violated because he had not been informed that a 3-year mandatory supervised release (MSR) term would apply to his 22-year sentence. The trial court denied the motion. We affirm.

On December 5, 2003, defendant entered a fully negotiated guilty plea. The parties informed the trial court that the agreement called for defendant to serve consecutive sentences of eleven years' imprisonment and that he would be entitled to day-for-day credit for the time he served in presentencing custody.

The trial judge admonished defendant regarding the nature of the charges and the possible penalties. The judge informed defendant that each charge was a Class X felony and that the sentencing range would be from 6 to 30 years in the Department of Corrections, "and any sentence to the Department of Corrections [would be] followed by three years mandatory supervised release." He also noted that the sentences could run concurrently or consecutively.

The trial judge then admonished defendant regarding the charges in his case:

"THE COURT: In this particular case, the charges, if convicted to both, are mandatory consecutive sentences. So, the one must be served and then the other must be served. Also it's a truth in sentencing case, which day-for-day goodtime does not apply, but 85 percent goodtime would apply. Do you understand the usual penalties available then for these Class X felonies?

DEFENDANT: Yes, sir.

THE COURT: And as mentioned there is mandatory supervised release of three years. You do not have to plead guilty in this case."

The State presented evidence in support of the plea and the trial court found that a factual basis existed. Pursuant to the plea, the judge sentenced defendant to eleven years in prison on both counts, to be served consecutively to each other, with credit for time served. The sentencing order did not mention MSR. Defendant did not file a motion to withdraw his guilty plea or a

direct appeal.

On June 25, 2007, defendant filed a petition for relief from judgment under section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2006)).  In the petition, defendant alleged that he was unaware of the three-year term of MSR until he spoke with counsel in prison.  He requested that his prison sentence be reduced by the three years that he was required to spend on MSR to comply with the terms of his negotiated plea.

The trial court examined defendant's petition and supporting documents and denied the petition.  The court concluded that the 2-1401 petition was not timely filed and that the petition failed to allege a meritorious defense because defendant was admonished regarding MSR.

ANALYSIS

Defendant argues that the trial court erred in dismissing, sua sponte, his section 2-1401 petition on timeliness grounds because the petition alleged a valid legal claim for relief.  We review the dismissal of a 2-1401 petition de novo.  People v. Vincent, 226 Ill. 2d 1 (2007).

A trial court may, sua sponte, dismiss a section 2-1401 petition when the petitioner's claim is without merit.  Vincent, 226 Ill. 2d 1.  However, the two-year period contained in section 2-1401 is a statute of limitation and not a jurisdiction prerequisite.  People v. Malloy, 374 Ill. App. 3d 820 (2007).  As such, the State must assert the time limitation as an affirmative defense; the trial court may not, sua sponte, dismiss the petition

3

on the basis of timeliness.  <u>Malloy</u>, 374 Ill. App. 3d at 823.  The defendant filed his section 2-1401 petition a year and a half after the two-year time limit.  In dismissing defendant's petition <u>sua sponte</u>, the trial court stated that the petition was not timely filed and that defendant had not alleged any reason for the late filing.  The trial court erred in dismissing defendant's section 2-1401 petition on the basis of timeliness.

Defendant also claims that the trial court erred in finding that his petition did not plead a meritorious basis upon which relief could be granted.

Defendant's substantive argument is governed by <u>People v. Whitfield</u>, 217 Ill. 2d 177 (2005).  In <u>Whitfield</u>, the defendant argued that the court erred in dismissing his postconviction claim that the trial court's failure to admonish him that a three-year MSR term would be added to his negotiated 25-year prison sentence violated his fundamental rights.  <u>Whitfield</u>, 217 Ill. 2d at 180.  Our supreme court determined that the defendant had not received the benefit of the bargain to plead guilty because he agreed to a 25-year sentence but was never told of the three-year period of MSR which attached to his sentence as an operation of law.  <u>Whitfield</u>, 217 Ill. 2d at 188.  The court concluded that the appropriate remedy was to modify defendant's 25-year sentence to a term of 22 years, to be followed by the mandatory 3-year term of supervised release.  <u>Whitfield</u>, 217 Ill. 2d at 205. Defendant here claims the same error and requests a similar remedy.

Subsequent cases have distinguished <u>Whitfield</u>.  In <u>People v.</u>

4

Borst, 372 Ill. App. 3d 331 (2007), the defendant argued that his postconviction petition should have been granted based on Whitfield because the trial court's general admonishments only referred to MSR in connection with any extended-term sentence which could be imposed. The court upheld the denial of the petition, noting that in Whitfield the trial judge failed to make any mention of MSR before he accepted defendant's guilty plea. The court concluded that, unlike the judge in Whitfield, the trial judge did mention MSR prior to accepting the defendant guilty plea; thus, the admonishments were sufficient. Borst, 372 Ill. App. 3d at 334.

Likewise, in People v. Marshall, 381 Ill. App. 3d 724 (2008), the defendant relied on Whitfield to reduce his prison term by three years to offset the three-year term of supervised release. The Marshall court acknowledged that the trial judge did not mention MSR when he entered defendant's sentence or in the written judgment, but emphasized that judge did admonish defendant regarding MSR prior to accepting his plea. The court found that the admonishments given by the court were accurate and complied with the statutory requirements. Marshall, 381 Ill. App. 3d at 736.

As in Borst and Marshall, the trial judge here properly admonished defendant of the mandatory application of supervised release. Although the judge did not mention mandatory supervised release at sentencing or in the written sentencing judgment, he did advise defendant of the MSR requirement before accepting his plea. The trial judge informed defendant that the three-year term was

5

mandatory and would apply to any sentence of imprisonment regardless of his plea. The judge also mentioned MSR in relation to the specific charges in this case. Defendant stated in open court that he understood the penalties and possible sentences. The trial court's admonishments met the statutory requirements. See Borst, 372 Ill. App. 3d at 334; Marshall, 381 Ill. App. 3d at 736; see also 177 Ill. 2d R. 402.

We recognize that trial courts should incorporate the mandatory supervised release admonitions into the pronouncement of the specific sentence and the written judgment. We simply find in this case that there was substantial compliance with Supreme Court Rule 402 and that defendant was sufficiently admonished under the Rule. See People v. Dennis, 354 Ill. App. 3d 491 (2004) (judge substantially complies with Rule 402 despite failure to admonish defendant of all of his rights if the record affirmatively shows defendant understood those rights.)

Alternatively, defendant argues that the trial court erred in failing to recharacterize his pro se pleading as a postconviction petition filed under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 et seq. (West 2006)).

When a pro se defendant files a pleading alleging a deprivation of constitutional rights cognizable under the Act, the trial court may recharacterize it as a postconviction petition. People v. Shellstrom, 216 Ill. 2d 45 (2005). However, the court is under no obligation to do so. Shellstrom, 216 Ill. 2d at 53. Section 122-1(d) of the Act provides that a trial court reviewing

a petition which does not state that it is filed under the Act "need not evaluate the petition to determine whether it could otherwise have stated some grounds for relief under [the Act]". 725 ILCS 5/122-1(d) (West 2006). Although courts have the authority to consider a defendant's pleading as a postconviction petition, "trial courts should be hesitant to use this authority and do so only in unusual and compelling circumstances." People v. Holliday, 369 Ill. App. 3d 678, 681 (2007).

In determining whether a recharacterization is appropriate, the court should consider whether the filing was also cognizable in the form in which the defendant filed it. People v. Pearson, 345 Ill. App. 3d 191 (2003). A trial court's decision regarding recharacterization is addressed to its sound discretion and will be reviewed under an abuse of discretion standard. Holliday, 369 Ill. App. 3d at 682. Accordingly, we will not reverse the court's decision unless it is unreasonable. People v. Johnson, 368 Ill. App. 3d 1146 (2006).

The circumstances of this case are not unusual or compelling. The defendant entitled his pleading as a 2-1401 petition. In the petition, he argued that the admonishments he received concerning mandatory supervised release were not sufficient to inform him that he would be subject to mandatory supervised release. His claim was a cognizable 2-1401 pleading, but it was untimely.

In this case, recharacterizing the petition as a postconviction petition would not have cured the issue of timeliness. The Act provides that, if a defendant did not file a

7

direct appeal, he may file a postconviction petition no later than three years from the date of the conviction. 725 ILCS 5/122-1(c) (West 2006). Defendant filed his petition for relief from judgment three years and six months after his date of conviction. The petition would not have been timely filed even if the court had considered it as a postconviction petition.

Moreover, renaming defendant's 2-1401 petition would not have altered its substance. As we determined, the admonishments defendant received regarding MSR were sufficient. Thus, the trial court did not abuse its discretion in failing to recharacterize defendant's pleading as a postconviction petition.

CONCLUSION

The judgment of the circuit court of Peoria County is affirmed.

Affirmed.

CARTER and WRIGHT, JJ., concurring.

8