NO. 4-10-0044    Opinion Filed 3/30/11

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| MASON WILLIAMS, | ) | Appeal from |
| Plaintiff-Appellant, | ) | Circuit Court of |
| v. | ) | Livingston County |
| THE COMMISSARY DEPARTMENT OF THE | ) | No. 09MR79 |
| ILLINOIS DEPARTMENT OF CORRECTIONS, | ) | |
| PONTIAC CORRECTIONAL CENTER; PATRICK | ) | |
| QUINN, Governor; MICHAEL RANDALL, | ) | |
| Director; JOSEPH V. MATHY, Warden; | ) | |
| MARCUS HARDY, Assistant Warden; MARK | ) | |
| ALLAN, Commissary Supervisor; MARK | ) | |
| SPENCER, Law Library Supervisor; and | ) | Honorable |
| MARY RITZELL, Property Supervisor, | ) | Jennifer H. Bauknecht, |
| Defendants-Appellees. | ) | Judge Presiding. |

_____

JUSTICE STEIGMANN delivered the judgment of the court, with opinion.
Justices Turner and Appleton concurred in the judgment and opinion.

**OPINION**

In July 2009, plaintiff, Mason Williams *pro se* filed a complaint pursuant to section 1983 of the federal Civil Rights Act of 1991 (42 U.S.C. §1983 (1994)).  In January 2010, the trial court dismissed Williams' complaint, noting that Williams' complaint was frivolous and lacked "any arguable basis in law or fact."  Williams appeals that dismissal, and we affirm.

I. BACKGROUND

In May 1994, while serving an 18-year prison sentence, a jury convicted Williams of two counts of aggravated battery on a correctional officer (720 ILCS 5/12-4(b)(6) (West 1992)).  The trial court thereafter sentenced Williams to 10 years in prison on each count, with the sentences to run consecutively.  In

February 1996, we affirmed Williams' conviction and sentences. *People v. Williams*, 277 Ill. App. 3d 1053, 661 N.E.2d 1186 (1996).

Since our opinion in *Williams* was published in February 1996, Williams has filed the following civil appeals, expressing dissatisfaction in one way or another with his prison accommodations, all of which this court or the federal courts have rejected:

### A. Cases Filed in This Court

* *Williams v. Walker*, No. 4-05-0448 (June 13, 2006) (unpublished order under Supreme Court Rule 23) (prisoner civil rights claim);

* *Williams v. Dallas*, No. 4-06-1102 (December 21, 2007) (unpublished order under Supreme Court Rule 23) (prisoner *mandamus* petition);

* *Williams v. Health Care Services,* No. 4-06-1101 (December 28, 2007) (unpublished order under Supreme Court Rule 23) (prisoner claim against prison health-care providers);

* *Williams v. Illinois Department of Corrections,* No. 4-10-0128 (February 18, 2011) (unpublished order under Supreme Court Rule 23) (prisoner *mandamus* petition);

### B. Cases Filed in Federal Court

* Williams v. Snyder, No. 00-cv-01372 (C.D. Ill. 2000) (petition for writ of *habeas corpus* (general)) filed November 1, 2000, and closed November 6, 2000;

*   Williams v. Mote, No. 04-cv-01208 (C.D. Ill. 2004) (petition for writ of *habeas corpus* (prison conditions)) filed June 29, 2004, and closed July 29, 2004;

*   Williams v. McAdory, No. 04-cv-01438 (C.D. Ill. 2005) (prisoner civil rights claim) filed December 23, 2004, and closed January 18, 2005;

*   Williams v. Mote, No. 04-cv-01439 (C.D. Ill. 2005) (prisoner civil rights claim) filed December 23, 2004, and closed January 20, 2005;

*   Williams v. Walker, No. 05-cv-01004 (C.D. Ill. 2005) (prisoner civil rights claim) filed January 4, 2005, and closed January 18, 2005;

*   Williams v. Wexford Health Care Service, No. 06-cv-01105 (C.D. Ill. 2006)(prisoner civil rights claim) filed April 21, 2006, and closed May 2, 2006;

*   Williams v. Attorney General of the State of Illinois, No. 06-cv-01199 (C.D. Ill. 2006) (petition for writ of *habeas corpus* (general)) filed August 7, 2006, and closed August 8, 2006;

*   Williams v. Mahone, No. 10-cv-01289 (C.D. Ill. 2010) (petition for writ of *habeas corpus* (prison conditions)) filed September 23, 2010, and closed October 8, 2010.

### C. The Current Case

In July 2009, Williams *pro se* filed a complaint pursuant to section 1983, alleging that defendants, Commissary Depart-

- 3 -

ment of the Illinois Department of Corrections (DOC), Pontiac Correctional Center, the Illinois Governor, and various DOC employees, violated his rights by (1) limiting his spending at the prison commissary and (2) restricting him from enjoying sufficient consumption of radio, television, and magazines. In January 2010, the trial court dismissed Williams' complaint with prejudice, noting that Williams' complaint was frivolous and lacked "any arguable basis in law or fact."

This appeal followed.

## II. WILLIAMS' CLAIM THAT THE TRIAL COURT ERRED

Williams *pro se* appeals, arguing that the trial court erred by dismissing his complaint. Specifically, Williams contends that the court erred by dismissing his complaint because prison officials violated his rights by (1) limiting his spending at the prison commissary and (2) restricting him from enjoying sufficient consumption of radio, television, and magazines. Defendants respond that Williams' claims (1) are time-barred, (2) have not been fully exhausted administratively, and (3) are, in any event, substantively meritless. Defendants' points are well taken. As previously outlined, Williams' current appeal is yet another in a long line of frivolous appeals, lacking any arguable basis in law or fact.

In short, it appears that Williams, in an effort to occupy his time while incarcerated, has been engaged in what can best be described as "litigation for sport." This court intends to stop Williams' frivolous litigation or, at a minimum, make him

- 4 -

pay for continuing his abuse of the courts.

Because we conclude that Williams' current claims are as meritless as they have been for much of the last decade, we affirm the trial court's judgment. As part of our judgment, we direct Williams to show cause within 30 days why sanctions should not be entered against him under Illinois Supreme Court Rule 375(b) (eff. Feb. 1, 1994). Until such time as (1) Williams responds to this order and (2) this court determines what action to take, we direct the clerk of this court to disregard--and by that we mean to not file--any new appeals submitted to this court by Williams.

## III. CONCLUSION

For the reasons stated, we affirm the trial court's judgment.

Affirmed.