# Illinois Official Reports

## Appellate Court

**People v. Austin, 2014 IL App (4th) 140408**

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ALLAN P. AUSTIN, Defendant-Appellant. |
| District & No. | Fourth District<br>Docket No. 4-14-0408 |
| Filed | December 17, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In the case of a vexatious litigant who had been convicted and sentenced to 80 years for felonies against three women and then embarked on filing various frivolous pleadings, finally causing the trial court to issue an order directing the circuit clerk not to accept any further pleadings from defendant unless he obtained leave of the trial court and paid all fees, defendant's appeal following the circuit clerk's sealing of defendant's latest petition pursuant to the trial court's earlier order was properly dismissed for lack of jurisdiction, since the sealing of the petition was not a final trial court judgment for purposes of an appeal, and based on the conclusion that the petition was frivolous, the trial court was reminded of its statutory authority to collect funds from defendant's Department of Corrections trust fund account to pay for the costs of the litigation; furthermore, defendant was ordered to show cause within 30 days why sanctions should not be imposed against him under Supreme Court Rule 375(b) for filing the frivolous appeal, and pending defendant's response and the appellate court's decision as to what action to take, the clerk of the appellate court is directed not to file any new appeals submitted by defendant to this appellate court. |
| Decision Under Review | Appeal from the Circuit Court of McLean County, No. 98-CF-482; the Hon. Scott Drazewski, Judge, presiding. |

| | |
|---|---|
| Judgment | Appeal dismissed. |
| Counsel on Appeal | Allan P. Austin, appellant *pro se*. |
| | Jason Chambers, State's Attorney, of Bloomington (Patrick Delfino, David J. Robinson, and Luke McNeill, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| Panel | JUSTICE STEIGMANN delivered the judgment of the court, with opinion.<br>Presiding Justice Pope and Justice Appleton concurred in the judgment and opinion. |

## OPINION

¶ 1    Defendant, Allan P. Austin, is currently serving an 80-year aggregate prison sentence for a litany of felonies that he perpetrated against three women in March 1998. Since entering prison 15 years ago, defendant has filed a seemingly endless series of pleadings in the trial court, followed by appeals to this court. Defendant has yet to raise a meritorious issue.

¶ 2    In April 2007, the trial court, noting that defendant was a vexatious litigant "of Dickensian proportions," ordered the circuit clerk "not to accept any further pleadings from the defendant for filing unless the defendant first obtains leave of the court and pays all appropriate fees." Undeterred, defendant continued to mail petitions to the trial court, all of which the circuit clerk sealed pursuant to the court's April 2007 order. Defendant filed his latest petition in April 2014, which the circuit clerk sealed. In May 2014, defendant *pro se* filed a notice of appeal.

¶ 3    In his *pro se* brief, defendant raises nine challenges to his convictions and sentences, but he does not address (1) his failure to obtain leave of the court to file his petition or (2) the fact that his petition was never filed in the trial court. The State notes in its brief that because defendant's April 2014 petition was never filed, this court lacks jurisdiction over defendant's appeal because it did not result from a final judgment. See Ill. S. Ct. R. 606(b) (eff. Feb. 6, 2013). We agree with the State and dismiss the appeal for lack of jurisdiction.

¶ 4                                    I. BACKGROUND

¶ 5    In December 1998, a jury convicted defendant of three counts of aggravated criminal sexual assault (720 ILCS 5/12-14(a)(2) (West Supp. 1997)), two counts of home invasion (720 ILCS 5/12-11(a)(2) (West 1996)), two counts of residential burglary (720 ILCS 5/19-3 (West 1996)), one count of vehicular invasion (720 ILCS 5/12-11.1 (West 1996)), one count of unlawful restraint (720 ILCS 5/10-3 (West 1996)), and two counts of criminal sexual abuse (720 ILCS 5/12-15(a)(1) (West 1996)).

¶ 6    Defendant's convictions stemmed from his separate attacks on three women near the Illinois Wesleyan University campus in March 1998. In the first attack, defendant entered a woman's car, punched her in the face, and sexually abused her by rubbing her chest and the

area between her legs. Defendant fled when he noticed a car entering the parking lot. In the next attack, several weeks later, defendant grabbed a different woman by the arm as she walked home from her boyfriend's dormitory late at night, attempting to drag her to a nearby parking lot. That woman was able to escape. The next day, in the third attack, defendant broke into a woman's home during the night, punched her in the face, and then raped her in her bed. Defendant threatened to kill the woman as he forced her to perform oral sex on him. Police arrested defendant in early May 1998, when his first victim saw defendant in the same parking lot in which he entered her car two months earlier. During a police interview, defendant admitted his commission of the attacks and revealed knowledge of factual details that confirmed his involvement.

¶ 7    Following defendant's convictions, the trial court sentenced him to a total of 80 years in prison. This court affirmed defendant's convictions and sentences on direct appeal. *People v. Austin*, No. 4-99-0188 (Nov. 16, 2000) (unpublished order under Supreme Court Rule 23).

¶ 8    Since 2001, defendant has filed–or attempted to file–many pleadings in the trial court, including, but not limited to, (1) a postconviction petition, (2) a successive postconviction petition, (3) a motion for reduction of sentence, (4) a "petition to vacate unconstitutional and void sentence," (5) a "petition to vacate void order/judgment," (6) a "petition pursuant to the plain error doctrine," (7) a motion to "dismiss indictment," (8) a "common law motion" alleging the invalidity of defendant's convictions, (9) four petitions for relief from judgment pursuant to section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2002)), (10) three motions for substitution of judge, (11) three motions for appointment of counsel, and (12) a petition for executive clemency.

¶ 9    In his numerous pleadings, defendant has challenged his convictions and sentences from every conceivable angle. He has alleged, among other things, (1) fourth-amendment violations; (2) an involuntary confession; (3) faulty identification by the victim; (4) juror misconduct; (5) ineffective assistance of counsel as to dozens of trial decisions; (6) improper argument by the prosecutor; (7) fabrication of evidence by the State; (8) insufficient evidence; (9) abuse of discretion at sentencing; (10) judicial prejudice; (11) ineffective assistance of appellate counsel; (12) actual innocence; (13) void sentences; (14) one-act, one-crime violations; and (15) the unconstitutionality of nearly every statute under which he was convicted and sentenced.

¶ 10    Prior to April 2007, the trial court denied or dismissed nearly all of defendant's pleadings, finding them frivolous. This resulted in five separate appeals to this court. In each of those appeals, the office of the State Appellate Defender (OSAD) filed a motion to withdraw as counsel pursuant to *Pennsylvania v. Finley*, 481 U.S. 551 (1987), alleging that defendant's appeal presented no meritorious issues. Defendant consistently filed points and authorities in opposition to OSAD's motions to withdraw, which prompted the State to file responsive briefs. In all five instances, this court (1) agreed with the State and OSAD that defendant's appeals were meritless and (2) affirmed the court's judgment. See *People v. Austin*, No. 4-03-1034 (May 9, 2005) (unpublished order under Supreme Court Rule 23) (granting OSAD's motion to withdraw and affirming the second-stage dismissal of defendant's postconviction petition); *People v. Austin*, No. 4-06-0013 (Mar. 7, 2008) (unpublished order under Supreme Court Rule 23) (granting OSAD's motion to withdraw and affirming the denial of defendant's motion for leave to file a successive postconviction petition); *People v. Austin*, Nos. 4-05-0953, 4-06-0520, 4-06-0725 cons. (May 15, 2008) (unpublished order under Supreme Court Rule 23)

(granting OSAD's motion to withdraw and affirming the (1) striking of defendant's motion to dismiss his indictment (No. 4-05-0953), (2) dismissal of his section 2-1401 petition (No. 4-06-0520), and (3) dismissal of his motion to vacate judgment and void sentence (No. 4-06-0725)).

¶ 11   In April 2007, in response to another barrage of frivolous pleadings from defendant, the trial court entered the following order:

> "The defendant qualifies as a vexatious litigant, of Dickensian proportions, who inappropriately burdens the court system with non-meritorious litigation. See *People v. Ryburn*, 362 Ill. App. 3d 870, 841 N.E.2d 1013 [(2005)]. This court finds that the defendant's current set of claims are all vexatious, frivolous[,] and patently without merit. Further, the court finds that the defendant has been engaged in filing frivolous pleadings without factual or legal merit all with the apparent end of obtaining release from his convictions and sentence in [McLean County case No.] 98-CF-482. Therefore, in addition to dismissing all pending claims by the defendant in this case as frivolous and patently without merit[,] the court further orders the clerk of the court not to accept any further pleadings from the defendant for filing unless the defendant first obtains leave of the court and pays all appropriate fees. Defendant's motion for appointment of counsel and request for all other relief is denied."

¶ 12   The trial court's April 2007 order did not deter defendant from continuing his efforts to relitigate his criminal case. Defendant mailed to the circuit clerk dozens of requests for records and physical evidence from his trial. He also attempted to file five separate petitions, all of which alleged (for one reason or another) that his convictions and sentences were void and he should be immediately released from prison. Pursuant to the court's April 2007 order, the circuit clerk declined to file these petitions and, instead, sealed each petition in a separate manila envelope to be included as exhibits in the record.

¶ 13   The record before us includes five sealed envelopes containing petitions that defendant has attempted to file since the trial court's April 2007 order. Not surprisingly, defendant has already tried to appeal from the clerk's sealing of one of his earlier petitions. See *People v. Austin*, No. 4-12-0644 (Mar. 26, 2013) (unpublished summary order under Supreme Court Rule 23) (dismissing for lack of jurisdiction). We note that defendant has also attempted to relitigate the merits of his criminal case through at least one *mandamus* action. See *Austin v. Prall*, 2012 IL App (4th) 111080-U (affirming the trial court's (1) denial of defendant's petition for leave to file a petition for *mandamus* and (2) striking the petition for *mandamus* with prejudice).

¶ 14   Defendant mailed his latest petition (titled "Petition for Relief of Void Sentence") to the circuit clerk in April 2014, which the clerk sealed pursuant to the court's April 2007 order. In his petition, which we have unsealed and reviewed, defendant asserts that the trial court unlawfully sentenced him to 60 years in prison for a Class X felony. (We note that defendant provides no support for this claim, which the record explicitly rebuts.)

¶ 15   This purported appeal followed.

¶ 16                                   II. ANALYSIS

¶ 17   In this purported appeal, defendant filed a handwritten brief that sets forth nine separate claims, eight of which are raised for the first time on appeal. Neither defendant's petition nor

his brief addresses the trial court's April 2007 order. The State argues that this court lacks jurisdiction over defendant's appeal because it did not result from a final trial court judgment. We agree with the State and dismiss the appeal for lack of jurisdiction.

¶ 18                                      A. Jurisdiction

¶ 19     Illinois Supreme Court Rule 606(b) (eff. Feb. 6, 2013) provides, in pertinent part, "the notice of appeal must be filed with the clerk of the circuit court within 30 days after the entry of the final judgment appealed from." In this case, the circuit clerk's sealing of defendant's petition did not constitute a final judgment. A final judgment "has been traditionally defined as a determination by the court on the issues presented by the pleadings which ascertains and fixes absolutely and finally the rights of the parties in the lawsuit." *Towns v. Yellow Cab Co.*, 73 Ill. 2d 113, 119, 382 N.E.2d 1217, 1219 (1978). Accordingly, because defendant in this purported appeal is not appealing from a final judgment, this court lacks jurisdiction over his appeal.

¶ 20                         B. Defendant's Abuse of the Court System

¶ 21     The law of this state recognizes the possibility that a criminal defendant's meritorious claims may slip through the cracks. Even after losing on direct appeal and a postconviction petition, the law provides safety-net procedures for defendants convicted of criminal offenses to obtain meaningful judicial review of flaws in their criminal conviction or sentence that have escaped judicial review through no fault of their own. See 725 ILCS 5/122-1(f) (West 2012) ("Leave of court [to file a successive postconviction petition] may be granted only if a petitioner demonstrates cause for his or her failure to bring the claim in his or her initial post-conviction proceedings and prejudice results from that failure."); *People v. Harvey*, 196 Ill. 2d 444, 447, 753 N.E.2d 293, 295 (2001) ("An exception to the [timeliness requirement of section 2-1401 of the Code] has been recognized where a clear showing has been made that the person seeking relief is under legal disability or duress or the grounds for relief are fraudulently concealed. [Citation.] A person may also seek relief beyond section 2-1401's two-year limitations period where the judgment being challenged is void."); 725 ILCS 5/116-3(a) (West 2012) (setting forth procedures for a convicted defendant claiming actual innocence to obtain "fingerprint, Integrated Ballistic Identification System, or forensic [deoxyribonucleic acid] testing *** on evidence that was secured in relation to the trial [or guilty plea] which resulted in his or her conviction").

¶ 22     To ensure that potentially meritorious claims are not overlooked, the courts of this state often appoint counsel (at the taxpayers' expense) to represent convicted criminals on appeal after their postconviction pleadings are denied or dismissed in the trial court. In the vast majority of these cases, attorneys representing the State also participate in proceedings–at both the trial and appellate court level–to contest or concede a defendant's claims. Postconviction litigation (including, but not limited to, proceedings under the Post-Conviction Hearing Act (725 ILCS 5/122-1 to 122-7 (West 2012)) and section 2-1401 of the Code (735 ILCS 5/2-1401 (West 2012))) imposes substantial costs on the courts, the offices of the State's Attorneys, the office of the State's Attorney Appellate Prosecutor, and OSAD.

¶ 23     Because the right to meaningful postconviction procedures is so important to ensure that meritorious claims do not escape review, it is imperative that these procedures be protected

from abuse. When a small number of prisoners incessantly bombard the court system with frivolous and misleading litigation, their doing so strains the system's financial and human resources and makes it less likely that meritorious claims will be detected and appropriately resolved. Frivolous litigation wastes time, money, and resources that could be better spent addressing potentially meritorious claims filed by good-faith litigants. For this reason, courts need to proactively deprive abusive litigants of their ability to commandeer the court's docket.

¶ 24     It is well settled that courts of this state may take measures to restrain litigants from maintaining vexatious litigation. *People v. Ryburn*, 378 Ill. App. 3d 972, 977, 884 N.E.2d 1178, 1182 (2008). We note that defendant has not challenged the trial court's April 2007 order, which required him to obtain leave of the court and pay all appropriate fees before filing any additional pleadings. Instead, defendant has decided to completely disregard the court's order, essentially carrying on as if the order does not exist. Defendant has elected to file notices of appeal in an attempt to present his latest claims directly to this court. We will not allow defendant to do so, and we reject defendant's attempt to waste this court's time and resources with his frivolous claims. Because we deem defendant to be a vexatious litigant of the highest order, we take the following measures to prevent his further abuse of the court system.

¶ 25     First, because we conclude that defendant's April 2014 petition is frivolous, we remind the trial court of its statutory authority to collect funds from defendant's Department of Corrections trust fund account to pay for the costs of this litigation. See 735 ILCS 5/22-105(a) (West 2012) ("If a prisoner confined in an Illinois Department of Corrections facility files a pleading *** and the Court makes a specific finding that the pleading *** filed by the prisoner is frivolous, the prisoner is responsible for the full payment of filing fees and actual court costs.").

¶ 26     Second, we order defendant to show cause within 30 days why sanctions should not be entered against him under Illinois Supreme Court Rule 375(b) (eff. Feb. 1, 1994) for his filing of this frivolous appeal. Until such time as (1) defendant responds to this order and (2) this court determines what action to take, we direct the clerk of this court to disregard–and by that we mean to not file–any new appeals submitted to this court by defendant. See *Williams v. Commissary Department of the Department of Corrections*, 407 Ill. App. 3d 1135, 1138, 948 N.E.2d 1061, 1063 (2011).

¶ 27     Ensuring open and meaningful access to the courts means denying access to those who are intent on disrupting the judicial process. Defendant's stubborn disregard for the procedures and prior orders of the court, coupled with his incessant filing of frivolous pleadings, calls for a strong response. Although every criminal defendant is entitled to fair and meaningful judicial review of his conviction and sentence, defendant seems to feel entitled to litigate the merits of his criminal case into perpetuity. We decline to further indulge him in his efforts.

¶ 28                                III. CONCLUSION

¶ 29     For the reasons stated, we dismiss the appeal for lack of jurisdiction. As part of our judgment, we award the State its $50 statutory assessment against defendant as costs of this appeal.

¶ 30     Appeal dismissed.