**NOTICE:** This order was filed under Illinois Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2025 IL App (3d) 240204-U

Order filed March 14, 2025

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2025

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 18th Judicial Circuit, Du Page County, Illinois, |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| JOHN F. JOHNSON, | ) ) | Appeal No. 3-24-0204 Circuit No. 09-CF-1712 |
| Defendant | ) ) | |
| (John F. Johnson, Petitioner-Appellant, | ) ) ) | |
| v. | ) | Honorable |
| Warden Felicia Adkins, Respondent-Appellee). | ) ) | Michael W. Reidy, Judge, Presiding. |

_____

JUSTICE DAVENPORT delivered the judgment of the court.
Justices Hettel and Anderson concurred in the judgment.

_____

**ORDER**

¶ 1    *Held*:  (1) The trial court did not err in dismissing *habeas corpus* petition as it was barred by collateral estoppel. (2) The appeal was frivolous, and petitioner is ordered to show cause within 30 days why sanctions should not be entered in this appeal.

¶ 2     Petitioner, John F. Johnson, an inmate in the Danville Correctional Center, filed a *pro se* petition for *habeas corpus* relief against respondent, Felicia Adkins, the warden of the Danville Correctional Center. Respondent moved to dismiss, arguing the petition was collaterally estopped, and requested sanctions. The trial court dismissed the petition and imposed sanctions against petitioner. We affirm the trial court's ruling and issue a rule to show cause.

¶ 3                                    I. BACKGROUND

¶ 4     Following a jury trial, petitioner was found guilty of two counts of solicitation of murder for hire (720 ILCS 5/8-1.2(a) (West 2008)). The evidence demonstrated petitioner plotted to have his ex-wife murdered. The court sentenced him to concurrent terms of 34 years' imprisonment. On direct appeal, one of petitioner's convictions was vacated under the one-act, one-crime rule. *People v. Johnson*, 2012 IL App (2d) 101025-U, ¶¶ 41-49.

¶ 5     Thereafter, petitioner collaterally attacked his remaining conviction. To that end, he filed a petition for relief from judgment (no appeal taken), a postconviction petition (*People v. Johnson*, 2015 IL App (2d) 130165-U), a federal writ of *habeas corpus* (*Johnson v. Pfister*, No. 16-CV-5319 (N.D. Ill. Feb. 21, 2017)), and a motion for leave to file a successive postconviction petition (*People v. Johnson*, No. 2-20-0320 (2022) (unpublished summary order under Illinois Supreme Court Rule 23(c)). All of petitioner's claims failed as forfeited, meritless, frivolous, or barred by *res judicata*.

¶ 6     In August 2023, petitioner filed a petition for *habeas corpus* relief (735 ILCS 5/10-101 *et seq.* (West 2022)) in the Du Page County trial court. His petition alleged (1) the eavesdrop order violated the fourth amendment, (2) he was convicted under false pretenses as his counsel conspired with the State, (3) the court lacked jurisdiction because the charging instrument was based on the State's fraudulent representations, and (4) he was entrapped by the State's informant. The court

dismissed the petition without prejudice for improper service. In October 2023, petitioner filed the very same petition in the Vermilion County trial court, which dismissed the petition *sua sponte* as meritless in a final and appealable order.

¶ 7 In January 2024, petitioner refiled his petition in the Du Page County trial court. Respondent moved to dismiss the petition under section 2-619(a)(4) of the Code of Civil Procedure (*id.* § 2-619(a)(4)), arguing the petition was barred by collateral estoppel. Respondent also asked the court to find the petition frivolous and to impose sanctions. The court granted respondent's motion to dismiss, noting the Vermilion County trial court had already deemed the petition to be meritless and petitioner should have appealed if he disagreed with that decision. The court granted respondent's request for sanctions. This appeal followed. Thereafter, petitioner untimely appealed the Vermilion County trial court's judgment, and the appeal was dismissed for lack of jurisdiction. *Johnson v. Adkins*, No. 5-24-0451 (2024) (unpublished minute order).

¶ 8 II. ANALYSIS

¶ 9 On appeal, petitioner argues the court erred in dismissing his petition on collateral estoppel grounds because (1) the Vermilion County trial court's judgment was void as the court did not have jurisdiction to *sua sponte* dismiss his petition without notice to the parties, (2) respondent was not a party to his prior collateral attacks, and (3) his petition did not relitigate identical facts or issues. Petitioner also argues the merits of his petition.

¶ 10 Preliminarily, we note that petitioner's attempt to attack the judgment entered by the Vermilion County trial court is futile as we do not have jurisdiction to review that judgment.

¶ 11 A section 2-619 motion to dismiss admits the sufficiency of the complaint but asserts an affirmative defense or other matter that defeats the claim. *Lutkauskas v. Ricker*, 2015 IL 117090, ¶ 29. Here, respondent asserted collateral estoppel as a bar to the *habeas corpus* petition. Section

2-619 dismissals, including those based on the collateral estoppel doctrine, are reviewed *de novo*. *Id.*; *People v. Sutherland*, 223 Ill. 2d 187, 197 (2006).

¶ 12  The collateral estoppel doctrine precludes relitigation of issues decided in a prior case. *People v. Tenner*, 206 Ill. 2d 381, 396 (2002). Three requirements must be met for collateral estoppel to apply: (1) the court rendered a final judgment in the prior case, (2) the party against whom estoppel is asserted was a party or in privity with a party in the prior case, and (3) the issue decided in the prior case is identical with the one now presented. *Id.* "For purposes of applying the doctrine of collateral estoppel, finality requires that the potential for appellate review must have been exhausted." *Ballweg v. City of Springfield*, 114 Ill. 2d 107, 113 (1986).

¶ 13  Here, the requirements for collateral estoppel are met. The Vermilion County court previously dismissed the *habeus corpus* petition as meritless, and petitioner failed to timely appeal. The dismissal was a final judgment, in a prior case to which petitioner was a party, on issues identical to the ones now presented. See *Tenner*, 206 Ill. 2d at 396. Thus, the Du Page County trial court did not err as a matter of law when it dismissed the petition.

¶ 14  As a final matter, respondent cites Illinois Supreme Court Rule 137(a) (eff. Jan. 1, 2018) and asks this court to impose sanctions against petitioner because he has continued to raise frivolous claims that have been repeatedly found to lack any basis in fact or law. However, Rule 137 "authorizes *the trial courts* to impose certain sanctions for violations of the rule." (Emphasis added.) Ill. S. Ct. R. 137, Committee Comments (adopted Aug. 1, 1989). Instead, we conclude Illinois Supreme Court Rule 375(b) (eff. Feb. 1, 1994) is appropriate in this instance as it allows this court to impose sanctions for frivolous appeals. See *Sacramento Crushing Corp. v. Correct/All Sewer, Inc.*, 318 Ill. App. 3d 571, 580 (2000) (treating a request for sanctions pursuant to Rule 137 as brought under Rule 375 and addressing the merits).

4

¶ 15        Rule 375(b) provides for the imposition of an appropriate sanction if an appeal is frivolous, not taken in good faith, or taken for an improper purpose. Ill. S. Ct. R. 375(b) (eff. Feb. 1, 1994). An appeal is frivolous when brought "without merit and no chance of success." Ill. S. Ct. R. 375, Committee Comments (adopted Aug. 1, 1989). In other words, an appeal is frivolous where it is not reasonably grounded in fact and not warranted by existing case law or a good-faith argument for the extension, modification, or reversal of existing law. Ill. S. Ct. R. 375(b) (eff. Feb. 1, 1994). "Frivolous litigation wastes time, money, and resources that could be better spent addressing potentially meritorious claims filed by good-faith litigants." *People v. Austin*, 2014 IL App (4th) 140408, ¶ 23. Thus, "courts need to proactively deprive abusive litigants of their ability to commandeer the court's docket." *Id.* We employ an objective standard in determining whether an appeal is frivolous, specifically, "the appeal is frivolous if it would not have been brought in good faith by a reasonable, prudent attorney." (Internal quotation marks omitted.) *Penn v. Gerig*, 334 Ill. App. 3d 345, 357 (2002).

¶ 16        Our thorough review of the voluminous record confirms respondent's assertion, and we conclude this appeal is frivolous. The substantive issues in the petition, which petitioner reiterates on appeal, have already been litigated and deemed frivolous or meritless as raised in his direct appeal, petition for relief from judgment, postconviction petition, federal *habeas corpus* claim, and petition for leave to file a successive postconviction. See, *e.g.*, *Johnson*, 2012 IL App (2d) 101025-U, ¶ 26 (finding on direct appeal that the eavesdrop order was proper); *Johnson*, 2015 IL App (2d) 130165-U, ¶¶ 15, 18-21 (affirming the dismissal of the postconviction petition where the claim as to the eavesdrop order was barred by *res judicata*, the affirmative defense of entrapment was forfeited, the indictment claim was contradicted by the record, and counsel did not provide ineffective assistance); *Johnson*, No. 16-CV-5319 (rejecting the federal *habeas corpus* claim as to

5

the eavesdrop order, the indictment, and ineffective assistance of counsel); *Johnson*, No. 2-20-0320 (affirming the denial for leave to file a successive postconviction petition and allowing appellate counsel to withdraw where there was no nonfrivolous issue as to the eavesdrop order, the indictment, and ineffective assistance of counsel).

¶ 17 Therefore, petitioner's arguments on appeal are not reasonably well grounded in fact, warranted by existing law, or warranted by a good-faith argument for the extension, modification, or reversal thereof. See *Garlick v. Bloomingdale Township*, 2018 IL App (2d) 171013, ¶ 59. Petitioner cannot circumvent the bar of *res judicata* by merely rephrasing issues already addressed. See *People v. Simpson*, 204 Ill. 2d 536, 559 (2001). Moreover, these claims are not cognizable for *habeas corpus* relief. See *People ex rel. Stringer v. Illinois Prisoner Review Board*, 163 Ill. App. 3d 1100, 1102 (1987) ("Where the original judgment of conviction was not void, the petitioner's maximum prison term had not expired, and nothing had occurred to warrant the petitioner's immediate discharge, the trial court is without jurisdiction to grant *habeas corpus* relief.").

¶ 18 Accordingly, within 30 days of this order, petitioner is ordered to show cause why sanctions should not be entered against him under Rule 375(b). See *Johnson v. Williams*, 2016 IL App (3d) 150824, ¶ 11 (finding the appeal to be frivolous where the defendant continued to raise the same jurisdictional issue barred by *res judicata*).

¶ 19 III. CONCLUSION

¶ 20 For the reasons stated, we affirm the judgment of the circuit court of Du Page County and order petitioner to show cause why he should not be sanctioned under Rule 375(b).

¶ 21 Affirmed.