NOTICE

Decision filed 06/15/26. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2026 IL App (5th) 240233-U

NO. 5-24-0233

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| CLEOTHER TIDWELL, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Randolph County. |
| | ) | |
| v. | ) | No. 23-MR-31 |
| | ) | |
| BRANDON EDWARDS, Correctional Officer, and | ) | |
| CORRECTIONAL OFFICER 2, | ) | Honorable |
| | ) | Eugene E. Gross, |
| Defendants-Appellees. | ) | Judge, presiding. |

_____

JUSTICE VAUGHAN delivered the judgment of the court.
Presiding Justice Cates and Justice Clarke concurred in the judgment.

**ORDER**

¶ 1    *Held:*    The circuit court did not err in granting the defendant's motion to dismiss the plaintiff's 42 U.S.C. § 1983 action, nor in denying the plaintiff's motion for reconsideration, where the plaintiff's complaint contained multiple defects both facially and due to the defenses raised by the defendant. Therefore, the judgment of the circuit court is affirmed.

¶ 2    The plaintiff, Cleother Tidwell, appeals from the Randolph County circuit court's dismissal of his *pro se* civil rights action brought pursuant to 42 U.S.C. § 1983 (2022), as well as the court's denial of his motion for reconsideration. For the reasons explained below, we affirm.

¶ 3                                 I. BACKGROUND

¶ 4    This matter arises out of a civil rights action pursuant to 42 U.S.C. § 1983 filed by the plaintiff against two unnamed correctional officers at Menard Correctional Center (Menard) in

1

September 2023. The plaintiff is an inmate of the Illinois Department of Corrections (IDOC), who at all relevant times was housed at Menard. In his complaint, the plaintiff alleged that, on an unspecified date, the two officers physically attacked him while he was restrained in handcuffs, injuring his wrist.

¶ 5    According to the complaint, the attack occurred because he asked for a grievance form and a money voucher. The plaintiff further alleged that he reported the incident to the nurse, but she refused to examine him and only pretended to note down what happened. He argued that the officers' conduct constituted excessive force, assault, battery, intimidation, "freedom of speech," intentional infliction of emotional distress, "intentional interference to prospective relief," and "disorderly conduct." He requested a jury trial and compensatory and punitive damages.

¶ 6    The plaintiff further stated that he filed a grievance reporting the officers' conduct. He attached to his complaint a response to said grievance, which indicates that the plaintiff submitted it on August 28, 2021, and that the date of the alleged incident was April 27, 2021. The content of the plaintiff's grievance was a request for the names of the two correctional officers who were working on that April date. The Grievance Office reviewed the plaintiff's submission and denied it as untimely. The plaintiff seemingly appealed the denial, as he also attached the decision of the IDOC Administrative Review Board (Board) to his section 1983 complaint. The Board returned the grievance after finding that no further redress was needed. The reasons indicated for the Board's decision were that the Board had received the appeal "30 days past [the] date of [the] Chief Administrative Officer's decision," and because no justification was provided for additional consideration.

¶ 7    The plaintiff also attached to his section 1983 complaint a response to a grievance he had filed on April 27, 2021, which stated that he had reported an incident from that same date. The

plaintiff alleged that he asked the officer walking him back to his cell for a grievance form, and in response, the officer and another unidentified officer pushed him and "grandstanded." The Grievance Office investigated the reported incident and denied the plaintiff's grievance after concluding that his allegations could not be verified.

¶ 8 The plaintiff served summons for "Correctional Officer #1 C/O Edwards W/M 6'5"" and "Correctional Officer #2 C/O Edwards W/M 5'8"." Menard's legal department returned the summons for "Correctional Officer #2" as served on Brandon Edwards, and the summons for "Correctional Officer #1" as unserved, stating that no such person could be identified.

¶ 9 On December 7, 2023, Edwards filed a combined motion to dismiss the plaintiff's complaint pursuant to section 2-619.1 of the Code of Civil Procedure (Code). 735 ILCS 5/2-619.1 (West 2022). He argued under section 2-615 of the Code (*id*. § 2-615) that the plaintiff failed to state a claim, as the complaint was not well-pled and consisted only of vague references to the denial of his constitutional rights. Edwards further argued that the complaint should be dismissed under section 2-619(a)(9) of the Code (*id*. § 2-619(a)(9)) because any claims were barred by the plaintiff's failure to exhaust his administrative remedies. Lastly, under section 2-619(a)(1) of the code (*id*. § 2-619(a)(1)), Edwards asserted that the plaintiff's claims against IDOC or its employees were barred by sovereign immunity.

¶ 10 In addition to his response to Edwards's arguments, the plaintiff filed a "petition to supplement" the record, attaching the grievance that he submitted on April 27, 2021, which contained the allegations summarized in the Grievance Office's response to said grievance, as previously discussed. The plaintiff did not attach or make reference to any documentation showing that he appealed the denial of his April 27, 2021, grievance to the Board. The plaintiff also attached to his petition a copy of the medical records from his nurse's visit, which took place on May 4,

3

2021, and noted that he complained of wrist pain occurring two weeks prior. The records stated that the plaintiff reported the pain had resolved, and the nurse observed no swelling, redness, or visible injuries.

¶ 11    The circuit court granted Edwards's motion to dismiss in a docket entry on January 11, 2024, writing that the motion was "well taken in all respects," and the supplemental materials filed by the plaintiff "will not cure the defects" in his complaint. The complaint was dismissed with prejudice as to Edwards, and the circuit court noted that the second defendant remained unnamed and unserved.

¶ 12    The plaintiff filed a motion for reconsideration on February 5, 2024. He argued that the circuit court erred in granting Edwards's motion to dismiss because his supplemental documents showed that he had exhausted all available administrative remedies before filing suit. He further argued that he had pled sufficient facts to state claims of assault, battery, intimidation, excessive force, negligence, and retaliation. He also denied that sovereign immunity barred his claims and argued that Edwards failed to provide an explanation for why he believed otherwise. Before the circuit court had heard or ruled on his motion for reconsideration, the plaintiff filed a notice of appeal on February 13, 2024. On August 25, 2025, this court entered an order holding the appeal in abeyance pending the circuit court's decision on the plaintiff's motion.

¶ 13    On September 23, 2025, the circuit court denied the motion to reconsider, writing that it was "better cast as a written disagreement" with the court's prior ruling. The circuit court explained that he did not discuss any newly-discovered evidence not available at the time of ruling, changes in the law, or errors in the court's application of existing law. The same day and upon receipt of the circuit court's ruling, this court took the appeal out of abeyance.

¶ 14                                    II. ANALYSIS

¶ 15    On appeal, the plaintiff argues that the circuit court erred by not issuing a written order explaining its reasoning for dismissing his complaint, because he cannot properly challenge the decision on appeal without the circuit court addressing his claims and providing the "law and [ ] authority" under which they were dismissed. In support, he explicitly states that he has "no authority to list," although he elsewhere cites to one provision of the Code, one inapplicable Federal Rule of Civil Procedure, and two U.S. Supreme Court cases. However, he admits he has no legal authority for his position that the circuit court was required to issue "a written order in dismissing a prisoner's lawsuit."

¶ 16    Regarding the three bases upon which the circuit court granted Edwards's combined motion to dismiss, the plaintiff repeats the factual allegations he pled in his complaint, and argues that they were sufficient to properly plead claims of, *inter alia*, excessive force, assault, and battery. He further contends that Edwards's affirmative defense that he failed to exhaust his administrative remedies lacked sufficient factual specificity, and argues that he did appeal his grievance, as evidenced by the decision from the Administrative Review Board. Lastly, he asserts that sovereign immunity does not bar his claims because he brought them against the defendants as individuals.

¶ 17    Section 2-619.1 of the Code (735 ILCS 5/2-619.1 (West 2024)) allows for the filing of a combined motion to dismiss under section 2-615 based upon insufficient pleadings, and under section 2-619 based upon certain defects or defenses. *Schloss v. Jumper*, 2014 IL App (4th) 121086, ¶ 15. We review the circuit court's dismissal of an action pursuant to section 2-619.1 *de novo*. *Id.*

5

¶ 18    A motion to dismiss pursuant to section 2-615 attacks the legal sufficiency of the complaint based on defects apparent on its face. *Id.* ¶ 20. The court is asked to determine "whether the allegations of the complaint, when taken as true and viewed in a light most favorable to the plaintiff, are sufficient to state a cause of action upon which relief can be granted." (Internal quotation marks omitted.) *Id.* ¶ 20 (quoting *Turner v. Memorial Medical Center*, 233 Ill. 2d 494, 499 (2009)).

¶ 19    A motion to dismiss pursuant to section 2-619 of the Code of Civil Procedure admits the legal sufficiency of the complaint, but raises certain affirmative defenses or defects outside of the pleadings that defeat the claims. *Ciolino v. Simon*, 2021 IL 126024, ¶ 20. When ruling on the motion, we construe the pleadings and supporting documents in the light most favorable to the nonmoving party. *Sandholm v. Kuecker*, 2012 IL 111443, ¶ 55. We must also accept as true "all well-pleaded facts in plaintiff's complaint and all inferences that may reasonably be drawn in plaintiff's favor." *Id.* However, we do not accept as true "mere conclusions unsupported by specific facts." *Patrick Engineering, Inc. v. City of Naperville*, 2012 IL 113148, ¶ 31.

¶ 20    We initially note that the plaintiff's main contention on appeal—for which he provides no supporting authority—is incorrect. While the circuit court did not issue a separate written order outside of its January 11, 2024, docket entry, the court did provide its basis for dismissing the plaintiff's complaint. The court granted Edwards's motion on all grounds alleged therein, and added that the plaintiff's supplemental filings did not cure any of the defects raised by Edwards. Furthermore, as Edwards notes on appeal, under the *de novo* standard, we review the circuit court's judgment, and not its reasoning. We may affirm its decision on any grounds in the record, regardless of the circuit court's actual reasoning. *Colon v. Illinois Central R.R. Co.*, 2024 IL App (1st) 221841, ¶ 28.

¶ 21    Section 1983 of the federal Civil Rights Act "allows a plaintiff to bring a civil rights claim to vindicate the deprivation of federal constitutional or statutory rights under the color of law." *Kucinsky v. Pfister*, 2020 IL App (3d) 170719, ¶ 44; 42 U.S.C. § 1983 (West 2022). To plead such a claim, "a plaintiff must allege that a state actor deprived him of a property or liberty interest without due process of law." *Nelson v. Crystal Lake Park District*, 342 Ill. App. 3d 917, 921 (2003). Thus, the plaintiff must show "(1) a deprivation, (2) a property interest, and (3) state action." *Murray v. Poani*, 2012 IL App (4th) 120059, ¶ 16.

¶ 22    Here, it is clear from the face of his complaint that the plaintiff failed to plead any civil rights claim. He pled that two corrections officers denied his request for a grievance form, forced him back into his cell, and "forcibly removed [his] handcuffs by violently snatching [his] arms through the cell door." He admitted in his complaint that he was able to submit a grievance regarding the incident and had that grievance reviewed. He did not identify any deprivation of a property or liberty interest, and merely concluded that the officers' conduct constituted a list of offenses, several of which he abandoned in his motion for reconsideration and on appeal. As the plaintiff failed to sufficiently plead a section 1983 claim, dismissal under section 2-615 of the Code was proper.

¶ 23    To the extent that the plaintiff attempted to plead any other cause of action in his complaint, we find that the record supports Edwards's argument for dismissal under section 2-619(a)(9) of the Code (735 ILCS 5/2-619(a)(9) (West 2024)). The plaintiff was required to demonstrate that his grievance had "administrative finality" prior to his seeking judicial review. *Montes v. Taylor*, 2013 IL App (4th) 120082, ¶ 12 (stating that the requirement to exhaust administrative remedies applies to grievances filed by inmates). The procedures for appealing a grievance are found in the

Illinois Administrative Code, section 504.850. 20 Ill. Adm. Code 504.850 (2017). These state, in relevant part, as follows:

> "If, after receiving the response of the Chief Administrative Officer, the offender still believes that the problem, complaint or grievance has not been resolved to his or her satisfaction, he or she may appeal in writing to the Director. The appeal must be received by the Administrative Review Board within 30 days after the date of the decision." *Id.* § 504.850(a).

While the plaintiff showed that he appealed his untimely grievance filed on August 28, 2021, regarding the alleged incident, he has at no point claimed to have appealed the timely grievance that he submitted on April 27, 2021. Nor does the record include any evidence of such appeal. Therefore, we further find that the circuit court properly granted Edwards's motion to dismiss under section 2-619 of the Code. As it is clear at this point in our review that the plaintiff's appeal lacks merit, we need not address the issue of sovereign immunity.

¶ 24    Lastly, we note that the present appeal is not only frivolous, but also one of many appeals that the plaintiff has filed in this court. In addition to the present action, plaintiff has at least five other appeals pending with this court. Further, Plaintiff has filed at least 19 prior appeals that have been dismissed , often for want of prosecution or lack of jurisdiction. While we do not sanction plaintiff at this time, we place him on notice that the court is authorized to impose a procedural sanction requiring him to obtain leave of court before filing a new appeal if he continues to pursue frivolous and/or vexatious appeals. See *People v. Austin*, 2014 IL App (4th) 140408, ¶ 24 ("It is well settled that courts of this state may take measures to restrain litigants from maintaining vexatious litigation.").

¶ 25                    III. CONCLUSION

¶ 26    For the reasons stated, the circuit court did not err in granting the defendant's motion to dismiss and dismissing the plaintiff's complaint, nor in denying the plaintiff's motion for reconsideration. The judgment of the circuit court is affirmed.

¶ 27    Affirmed.